## KIRKPATRICK VS. WOLFE & BISHOP.

Where a party moves for a new trial, he waives all prior exceptions not incorporated in his motion for a new trial. *Nevill vs. Hancock & Ewing*, 15 *Ark.* 511, *and previous adjudications.*

A written endorsement on a note, signed by the payee, and directing payment thereof to be made to a third person, is not sufficient evidence of an assignment of the note, without proof of delivery.

A party will not be entitled to a new trial on account of newly discovered evidence, where it is merely cumulative; nor unless he shows that he has used due diligence to procure it at the former trial.

*Writ of Error to the Circuit Court of Ashley County.*

The Hon. THEODORIC F. SORRELLS, Circuit Judge.

FOWLER, for the plaintiff. The judgment in this case was clearly wrong. The proof of the assignment in full was uncontradicted; and there was no pretence that the note was either reassigned, or the assignment stricken out. The plea was a proper one in bar, and judgment ought to have been rendered in Kirkpatrick's favor. *Gamblin et al. vs. Walker*, 1 *Ark. Rep.* 222; *Block vs. Walker*, 2 *ib.* 10 ; *Roane et al. vs. Lafferty et al.*, 5 *ib.* 467 ; *Lafferty vs. Rutherford, ib.* 650; *Dickinson et al. vs. Burr*, 7 *ib.* 41; *Leavitt vs. Cowles et al.*, 2 *McLean's Rep.* 492.

PIKE & CUMMINS, for defendants. By moving for a new trial the party waived all prior exceptions.

As well in regard to that point, as to the other, and only one supposed to be relied on, that is, as to the assignment of the note, the case of *Worthington vs. Curd & Co.*, 16 *Ark. Rep.*, is conclusive.

The newly discovered evidence is no ground for a new trial: 1st. Because the party shows no diligence to get the evidence before the trial. 2d. Because it merely attempts to impeach a witness. 2 *Ark. Rep.* 33, 133, 346.

Mr. Justice HANLY delivered the opinion of the Court.

This was an action of debt, commenced in the Ashley Circuit Court on the 4th October, 1853, founded on a promissory note, made by the plaintiff in error and others, not proceeded against for want of service, payable to the defendants as co-partners, dated 11th August, 1847, and payable at nine months from date.

Several pleas were interposed by the plaintiff, Kirkpatrick, *to wit:* 1st. *Nil debet.* 2d. That on the 11th August, 1847, Wolfe & Bishop endorsed, assigned, transferred and delivered said note, for value received, to Wilson & Duprey, and averring that they were the owners thereof. 3d. Payment of principal and interest to Wolfe & Bishop, on the 11th May, 1848. 4th. Statute limitations of five years.

The defendants in error joined issue to the first plea; demurred to the second, for technical objection, which was sustained, and an amended one filed, of same import, which was replied to, and issue made up thereon. Replication denying payment and issue thereon, and replication and issue to the 4th plea.

It appears from the transcript, that neither party required a jury, and the several issues, as above, were submitted to the court by consent. Verdict and finding for the defendants in error, for the amount of the note sued on, and interest, on the following testimony, *to wit:* The note sued on, and an endorsement thereon in these words: "Pay to the order of Wilson & Duprey," signed "Wolfe & Bishop," which manifested no marks of obliteration, and which was read without objection by the plaintiff in error; and the following oral testimony, *to wit: Samuel J. Cook,* a witness for the defendant in error, testified: "That he received said note from Wolfe & Bishop, by letter, for collection, and

wrote back to them for their christian names, and they sent them, and that he brought suit, and had no knowledge of any one else having anything to do with it:" and also, the testimony of *John B. Savage,* who swore, "That he was former clerk of said court; that on the 4th October, 1853, he filed the original declaration in this cause, as its endorsement shows; (which he produced and read as stated); that by leave of the court the defendants in error had leave to withdraw their declaration, filed on the 4th October, 1853, and to file a new one in its stead, which they did on the 25th March, 1854, which is the one now in court. (The witness read the orders from the record, which sustained his statement.) This was all the evidence adduced by the parties, at the trial below. Court gave final judgment for the defendants in error, on the verdict as above stated.

Plaintiff moved the court in writing for a new trial, setting out therein the following causes: 1*st.* That the verdict was against the law and evidence. 2*d.* Because of newly discovered evidence since the trial; and with the motion, the affidavit of plaintiff in error was filed, stating, in substance, "That since the trial he had learned he could prove by one *Wiggins,* that *Wilson & Duprey, to whom* the note sued on purports to be assigned, placed the same in the hands of the witness, Cook, to be sued on; that he did not know of the existence of this evidence at the time of the trial had in this cause." Which motion was overruled, and plaintiff in error excepted, setting out in his bill all of the above facts.

He now brings error, assigning several causes, wherefore, said judgment should be reversed, which we will proceed to consider.

It is insisted by the defendants in error, that the plaintiff, in consequence of his having moved for a new trial in the court below, waived all prior exceptions, and must stand on the intrinsic justice of his case. This is undoubtedly correct, with this quali fication : *Provided,* the party does not incorporate in his motion for a new trial, the antecedent decisions of the court of which he complains as grounds for a new trial. See *Nevill vs. Huncock &*

*Ewing*, 15 *Ark. Rep.* 511, and the former adjudications of this court to the like effect.

It does not appear from the transcript in this cause, that any exceptions were taken to the ruling of the court, by the plaintiff in error, at any stage of the proceeding, until his motion for a new trial was overruled. It follows as a consequence, that no complaint can be heard or considered in this court, except upon what may appear from the exceptions taken, on the overruling the motion for a new trial, and on the grounds therein set forth. See *Dickinson et al. vs. Burr*, 15 *Ark. Rep.* 374.

It is maintained, that the finding of the court, was not authorized by the facts and the law.

There was no evidence whatever introduced by the plaintiff in error to support the issue upon his second plea. It was incumbent upon him, from the pleading in the cause, to prove an assignment of the note sued on to Wilson & Duprey; this he did not do. His only evidence upon this point was the evidence of the endorsement upon the note, which did not prove the issue on his part. He should have gone farther, and proved that the assignment to Wilson & Duprey was rendered complete and perfect by proof; that after endorsement in writing, the note sued on was delivered to them. This was essential as held in the case of *May vs. Cassidy*, 2 *Eng. Rep.* 376; *Feimster vs. Smith*, 5 *Eng. Rep.* 496; *Mitchell vs. Conly*, 13 *Ark. Rep.* 416. So far from a delivery to *Wilson & Duprey* being proved, the reverse was conclusively shown by the testimony of the witness Cook. He testifies that he received the note in question directly from the defendants in error. The court was warranted in finding upon this issue for the defendants in error. The truth is, we are at a loss to conceive how it could have found otherwise from the law and evidence.

As to the other issues, there is no question made by the plaintiff in error in regard to the propriety of the finding of the court upon them. The evidence is conclusive for the defendants in error upon these issues. We find no error, therefore, in the verdict of the court in respect to them.

The only remaining point to be determined, is, the one made in respect to the newly discovered evidence; and as to this, too, we hold that the court below ruled properly: because the plaintiff in error does not show any diligence whatever on his part, whereby to obtain the newly discovered evidence, and for the additional reason, that it was cumulative of the evidence produced at the trial, and as to these, see the case of *Burriss vs. Hurd & Wise*, 2 *Ark. Rep.* 33.

Finding no error, therefore, in the record and judgment of the Circuit Court of Ashley county, they are in all things affirmed. Let the judgment be affirmed.