### H. & W. BLUNT v. WILLIAMS.

COVENANT—*Plea of performance.*—To breach assigned for non-payment of money, a plea of performance, by giving note and due bill, should allege that the same were accepted by the plaintiff as a payment or satisfaction of his claim.

PRACTICE—*Exceptions, when not considered.*—Exceptions taken to the rulings of the court below, but not incorporated in a motion for a new trial, will not be considered.

PARTNERS—*When may sue each other.*—A partner may sue a co-partner on an express agreement, and an action of covenant may be maintained by one partner against his co-partner.

DEPOSITIONS—*General objections to.*—A general objection to a deposition is not sufficient to reach an irregularity, and will not be considered as extending to formal defects.

ERROR TO JEFFERSON CIRCUIT COURT.

HON. WILLIAM M. HARRISON, *Circuit Judge.*

*Watkins & Rose,* for Appellants.

The declaration is insufficient, and the demurrer to defendant's plea reaches back to these defects. *See Rose Dig. Tit. Demurrer, page* 269, *section* 34.

There was no covenant to pay $4000 for the entire interest of Williams, only permission given to buy at a certain price, and no breach could be assigned: 10 *Johns.* 575; 2 *Hayer.* 127; 7 *Cowen* 662.

The declaration, not averring that the plaintiff sold and delivered up the said entire half interest to the defendants, is materially defective, and shows no cause of action as to that: 1 *Bibb.* 465.

There are two distinct breaches assigned, and entire damages assessed, for one of which breaches the plaintiff had no cause for action: *Hardin* 489, 2 *Mon.* 87.

The court erred in not awarding a repleader: *Gerritt vs. Fain,* 3 *Pick* 124; 14 *Raym'd* 167.

It was a partnership matter, of which the court had no jurisdiction: *Parsons on Cont. page* 139, *note Z.*

Covenant will not lie on a contract under seal, which has been materially varied by a subsequent parol agreement : 6 . *Port.* 201 ; 6 *Mis.* 29.

*Bell & Carlton*, for Appellee.

WHYTOCK, *Special J.*—This is an appeal from the Circuit Court of Jefferson county, from a judgment rendered in that court against the defendants, II. W. & Wm. N. Blunt, on the 15th day of October, 1867. Motions for a new trial, and in arrest of judgment, were made and overruled. The action was brought upon a contract, or articles of agreement, under seal, bearing date March, 1866, executed by all the parties, and by which the plaintiff, Williams, agreed to sell to the Blunts a half interest in the lease and outfit of a plantation, known as the McKinsey place, for the sum of $3000, to be paid for by the Blunts as follows: "One thousand in cash, and the balance on the return of Wm. W. Blunt from Maryland, or until the first of April" then next. The contract also provided that the Blunts should be responsible for the balance of the rent due, amounting to the sum of $1150. It was further covenanted that the Blunts should have the privilege, on the return of W. W. Blunt from Maryland, or until the said first day of April, of buying the entire interest of Williams, by paying on or before the 15th of June, in addition to the said sum of $3000, the sum of four thousand dollars.

The declaration substantially sets forth the facts, and alleges that the defendants elected to take the entire interest in the plantation, according to the terms of the contract. It further alleges general performance of the contract on the part of the plaintiff, breaches of the same by the defendants, and non-payment of either the sum of $3000 or the $4000.

To this declaration, the defendants filed a plea setting up that they had complied with the conditions of the contract by executing a due bill for $1000, and their note for $4000, payable on or before the 15th of June, 1866. A general demurrer seems to have been interposed to this plea, and the

demurrer was sustained.   The defendants thereupon filed an
amended plea, alleging a payment of $2000, the execution of
their due bill for $1000, their note for $4000, and the giving by
the plaintiff of his receipt in full satisfaction of all his interest
in the plantation.   This last plea also sets forth a subsequent
contract, executed in lieu of the former.   A demurrer to the
amended plea was interposed and overruled.   A trial was had,
and a verdict rendered for the defendants.   This was after-
wards set aside, a new trial ordered and at the October term of
the Circuit Court, a jury being called, the plaintiff obtained
judgment for the amount of $5420.

The defendants moved in arrest of judgment: First, Be-
cause the declaration showed no breach; that it appeared
upon its face that, as a court of law, the court had no juris-
diction, and that the court erred in sustaining the demurrer.

The motions in arrest, and for a new trial, were overruled,
and exceptions taken.

Upon the trial, the defendants asked certain instructions,
which the court refused to give, and to which refusal the de-
fendants excepted.

The first question presented is, was the demurrer to the
first plea properly sustained?   There is no averment in the
plea that the due bill and note were accepted by the plaintiff
as a payment or satisfaction of his claim.   The plea was a
bad one, and the demurrer to it properly sustained: 5 *T. R.*
280, 1 *Taunt* 428; *Drake vs. Mitchell*, 3 *East* 251.

Certain instructions were presented to the court, which
were refused, and exceptions taken, but as they were not in-
corporated in the motion for a new trial, as required by the
ruling of this court, they cannot be considered: *Nevill vs.
Hancock*, 15 *Ark.* 511; *Moss vs. Smith*, 19 *Ark.* 683; *Graham
vs. Roark*, 23 *Ark.* 19.

The objection that a resort should have been had to a court
of equity, is not a sound one.   Granting that the parties were
partners, the contract in question did not involve a considera-
tion of partnership accounts.   A partner may sue a co-part-

ner on an express agreement, and an action of covenant may be maintained by one partner against his co-partner: 1 *Parson's Con.* 164 (*5th Ed.*), *Collyer on Part.*; *Glover vs. Tuck*, 24 *Wend.* 152.

The averments in the declarations are not, perhaps, so clear and specific as the rule of good pleading requires, but we think the cause of action is so set forth as to be understood. We also think the breaches sufficiently stated, no special demurrer to them having been interposed.

The defendants objected to the deposition of the witness R. N. Williams, but failed to point out the grounds of objection. A general objection to a deposition is not sufficient to reach an irregularity, and will not be considered as extending to formal defects: *Blackburn vs. Morton*, 18 *Ark.* 384.

The defendants, likewise, excepted to the ruling of the Circuit Court, refusing to permit the witness, Shegog, to detail statements of the transaction made to this witness by one of the defendants, when the plaintiff was not present. We think this evidence was properly excluded.

The judgment of the Circuit Court is affirmed.

HARRISON, J., being disqualified, did not sit in this case.