Ferguson v. Ehrenberg.

FERGUSON V. EHRENBERG.

1. PRACTICE: *Substitution of parties.*
   Where a constable is sued in replevin for property levied on and sold by him, and he gives a cross-bond for the retention of the property, conditioned for the performance of the judgment that shall be obtained in the action, the court may well refuse to permit the purchaser, who tenders only a bond for cost, to be substituted as defendant in place of the officer; for the substitution would discharge the officer, and no judgment for a return of the property or its value, could be rendered against him.

2. PRACTICE: *Errors must be specified.*
   Parties complaining of errors in the Circuit Court must point them out, not only in their arguments in the Supreme Court, but also in their motions for new trial. It is, and always has been, the doctrine of this court that a motion for new trial abandons all previous exceptions, unless they are incorporated in it.

APPEAL from *Pulaski* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*N. and J. Erb*, for appellant:

1. J. T. Brown, Jr., should have been substituted as party defendant, being the real party at interest. The constable only a nominal party. Brown offered the bond required by *sec. 4486 Gantt's Digest.*

2. The record in Brown v. Henry should have been admitted as evidence. *Snead v. Wegman, 23 Mo., 263; Key v. Dent, 14 Md., 86; Wells v. Shipp, 1 Miss. (Walk.), 353.*

3. The commissioner's seal was not in accordance with law, and the depositions should have been suppressed. *Gantt's Digest, secs. 774, 5587; 11 Iowa, 310.*

4. Argue upon the instructions.

*E. W. Kimball* and *Cohn & Cohn,* for appellees :

1. The seal of the commissioner was sufficient under secs. *5587, 774, Gantt's Digest.* Besides, the depositions were taken under an agreement waiving formal defects.

2. The court properly refused to substitute Brown as defendant. *Sec. 4486 Gantt's Digest,* does not apply. The safe was not taken *"under an execution."* It was a matter of discretion. The statute says the court *may,* etc.

3. The record Brown v. Henry properly excluded. It was a record *inter alia,* and appellees not bound. Besides, these proceedings were void.

4. The instructions were correct. The right to possession is sufficient to maintain replevin. No proof was offered to show that the title to the safe was not in appellees. *Gantt's Digest, secs. 4619, 4699.*

SMITH, J.　J. & L. Ehrenberg brought replevin against the constable for an iron safe. The answer denied the plaintiff's title, and averred that he had seized the property under an execution issued and to him directed in the cause of J. T. Brown, Jr., against J. P. and Susan Henry ; that the safe had belonged to them ; and that afterwards, in obedience to said writ, he had sold it to Brown, whose property it now was.

Before the answer was filed, a motion had been made to substitute Brown as defendant in place of the constable, and a bond for the costs of the action had been tendered. The denial of this motion is assigned for error. *Sec. 4486 of Gantt's Digest* provides that in an action against an officer for the recovery of property taken under execution, the court may permit such substitution. But this power is discretionary, and it was no abuse of discretion to refuse it in the present instance. At the commencement of the action, the constable had given a cross-bond for the reten-

1 PRACTICE: Substitution of parties.

tion of the property. That bond, if it were in the statutory form, was conditioned to perform the judgment of the court in the action. The effect of such substitution would have been to discharge the constable, and thereafter no judgment for the return of the property, or for its value, could have been rendered against him, since he would no longer have been a party to the action. Brown did not propose to give any bond, except for costs; and, for aught that appears, he may have been wholly insolvent. Every defense that would have been open to Brown was equally available to, and was in fact made use of by, the constable.

A trial before a jury, upon the issues made by the answer, resulted in a verdict for the plaintiff. The motion for a new trial was based upon the following grounds:

1.   Irregularity in the proceedings of the court and its orders by which the defendant was prevented from having a fair trial.

2.   Accident and surprise which ordinary prudence could not have guarded against.

3.   Verdict not sustained by sufficient evidence.

4.   Verdict contrary to law, and errors of law occurring at the trial, and excepted to by the defendant.

The first ground relates, as we suppose, to the refusal of the court to substitute Brown as the defendant in the action, which we have already disposed of. To what the second ground refers we have not the most remote idea. In regard to the third, the proof was that J. P. Henry had ordered the safe of the manufacturers, and it had been shipped to their agent at Little Rock, but before its arrival Henry had left the State, and, consequently, it had never been delivered, nor paid for; that said agent had then sold and delivered it to the plaintiffs, from whose counting-room it was taken by the constable, and that the constable was apprised, at the time of his levy, of the situation of matters and of Henry's lack of title, or just claim to the safe. So far

from there being a total failure of evidence to support the verdict, the testimony all points in the same direction. The right to seize the safe under execution depended on the fact that it was the property of the Henrys, or of one of them. But neither of them had a semblance of title.

The fourth and fifth grounds of the motion are altogether too general. And the same remark applies to the first and second grounds. Parties who feel themselves aggrieved by the rulings of the Circuit Court, must be able to point out the alleged errors, not only in their arguments here, but in their application for a new trial. Counsel have discussed several questions relating to the admission and exclusion of evidence, the granting and refusal of prayers for instructions; but they do not legitimately arise in the case. For, although the record discloses that an unsuccessful effort was made to exclude certain depositions for want of legal authentication, and that the defendant offered, but was not permitted to introduce the record and proceedings in the previous action of Brown against the Henrys, and that certain instructions were given, and others refused, against the defendant's objections; and that exceptions to the action of the court in these particulars were reserved at the time; yet a new trial was not asked, on account of the admission of improper evidence, or the rejection of proper evidence, or misdirections of the court.

> 2. SAME: Errors must be specified.

Now, it is the doctrine of this court, and always has been, that a party moving for a new trial abandons previous exceptions unless they are incorporated in his motion. *Danley v. Robbins' heirs, 3 Ark., 144; Berry v. Singer, 10 ib., 483; Ford v. Clark, 12 ib., 99; Nevill v. Hancock, 15 ib., 511; Moss v. Smith, 19 ib., 683; Collier v. State, 20 ib., 36; Graham v. Roark, 23 ib., 19; Blunt v. Williams, 27 ib., 374; Knox v. Hellums, 38 ib., 413.*

> And saved in motion for new trial.

Affirmed.