## DEITZ v. LENSINGER.

### Opinion delivered December 16, 1905.

APPEAL.—MOTION FOR NEW TRIAL.—ASSIGNMENT OF ERRORS.—An assignment of error in the motion for new trial that the verdict is "contrary to law" does not present for review any ruling of the lower court in giving instructions.

Appeal from Jackson Circuit Court; FREDERICK D. FULKER-SON, Judge; affirmed.

#### STATEMENT BY THE COURT.

Appellee alleged, in substance, that on November 24, 1902, he bought of appellant certain timber on a certain tract of land in Jackson County, paying therefor $275; that appellant also agreed to sell him all the timber on nine hundred acres adjoining the first tract at the rate of $2.75 per acre; that on same day appellant sold him a half interest in a sawmill on the premises for $350, to be paid for at the rate of $20 per month, beginning 1st of February, 1903; that it was agreed that appellee should operate the mill for sawing the timber, and that he should have immediate possession for the purpose of cutting, hauling and sawing the timber purchased; that he took possession, and, in order to secure the timber and operate the mill in sawing same, it was necessary for him to

make certain improvements and repairs, which he did at the following cost:

| | |
|---|---:|
| One bridge | $150.00 |
| Three wood split pulleys, $5.00 each | 15.00 |
| Belting | 45.00 |
| One bolder | 40.00 |
| One exhaust pipe | 27.00 |
| Gas fittings | 18.00 |
| Globe. valve | 11.00 |
| Steam gauge | 12.00 |
| One log turner | 10.00 |
| Repairs to mill | 100.00 |
| **Total of** | **$428.00** |

Appellee further alleges that he brought laborers to the mill from Little Rock at a cost of $75, and that he had put these to work cutting timber, and that they cut and had ready for market fifty thousand feet of timber, worth $350. He further alleges that he was operating said mill and cutting said timber when on or about the 20th day of April, 1903, defendant forcibly and violently and without right took possession of all of said timber and said mill and the machinery, and, being armed with a deadly weapon, drove plaintiff out of possession, and drove off by threats and intimidation all of plaintiff's employees, cut the belts on the machinery, took away the steam gauge and globe valve, and so rendered the mill unfit for operation, prevented the hauling of the hickory timber, and the same became worthless.

"Wherefore he says that by reason of appellant's conduct he has sustained actual damages in the sum of $1,173, for which he prays judgment, and for the further sum of $2,500 as exemplary damages, his cost and all proper relief."

Appellant moved to have appellee make complaint more specific by stating whether the contract for the purchase and sale of the timber and the contract for the purchase and sale of one-half interest in the mill and machinery were one and the same contract, and to state whether said contract was oral or written. And, if he states that said contract was written, that he be required to file a copy of the same as an exhibit to his complaint. The motion was overruled, and appellant saved exceptions.

Appellant then answered, setting up, substantially, that he sold certain timber in section 30 to appellee at $2.75 per acre, and that appellee paid $275 as a part of the purchase money; that it was agreed that appellant should have the land in section 30 surveyed, and that appellee should pay in cash to appellant for all the timber he had not already paid for at the rate of $2.75 per acre; that appellant had the land in section 30 surveyed, and that, according to contract between him and appellee, the latter was due him for balance of timber purchased in section 30 in the sum of $82.50; that he made demand for this of appellee, and upon refusal of payment brought suit and recovered judgment for this amount; that execution issued, and was levied upon all the timber that appellee had, both cut down and standing, on section 30, and that same was sold under the execution and bought by appellant. Appellant admitted the sale of a half interest in the saw-mill upon the terms set up by appellee, and alleged that the contract for such sale was in writing, which appellant makes an exhibit to his answer. He alleged that, by the terms of the contract, if appellee failed to make the monthly payments as agreed, the appellant was to have the right to enter upon and take immediate possession of the mill without process of law, the sale being only conditional. Appellant then alleges that appellee wholly failed to pay the purchase price or any part thereof, and says that he (appellant) took possession of his mill on the 20th day of April, 1903, under the contract. He then denies specifically all the alleged items of damage which appellee claims in his complaint, denies specifically all the allegations of force and violence, and denies that appellee has been damaged in any sum whatever.

After the evidence was adduced, the court instructed the jury as follows:

"If the jury believe from a preponderance of the evidence that the plaintiff was in the peaceable and rightful possession of the mill and machinery and of the timber, and that the defendant wrongfully ejected plaintiff therefrom, and took possession of the mill and machinery, and deprived the plaintiff of the use and enjoyment thereof, and prevented plaintiff from hauling or using the hickory timber which he cut, and that plaintiff had made expenditure to obtain labor and for repairs upon the mill and the building of a bridge and a house, if you so find, and that the

expenditures were necessary for the free use and enjoyment of the mill and timber and for the cutting, sawing and hauling of the timber, then you may find for the plaintiff in such sum as such expenditure amounts· to, together with the value of the hickory timber which was lost, if you find such timber was lost, as actual damages, not exceeding the amount of such actual damages sued for in this action.

"In addition to actual damages, if you find any actual damages were suffered by the plaintiff, if the jury believe by a preponderance of the evidence that the defendant deprived the plaintiff of the possession of the mill and hickory timber by violence and intimidation, or in reckless disregard of plaintiff's rights, then the jury are authorized to find exemplary damages; that is, such damages as will compensate plaintiff for the wrong done him, and to punish the defendant, and to furnish an example to deter others from the like practices, not exceeding the sum claimed as such exemplary damages in this action.

"On the other hand, if you find that defendant did not eject plaintiff from the mill, and that this was not a wrongful taking by the defendant, in this case you should find for the defendant.

"If you find that plaintiff and defendant had an altercation, but that it had nothing to do with the taking of this property, this would not authorize a finding by you for the plaintiff, and your verdict should be for the defendant."

There were other instructions as to weight of testimony and credibility of the testimony and burden of proof given in the usual form.

The jury returned a verdict in favor of appellee for actual damages in the sum of $1,000.

The motion for new trial set up that the verdict was contrary to the law and evidence, and that the verdict was excessive.

*Stuckey & Stuckey,* and *Phillips & Campbell,* for appellant.

1. The court erred in overruling defendant's motion to require complaint made more specific. He was entitled to have the cause of action against him stated in certain, specific language. 31 Ark. 657; 52 Ark. 378; 56 Ark. 608; *Ib.* 629.

2. The verdict was excessive. Appellant was not entitled to claim, and the jury ought not to have awarded, damages for

the hickory timber previously sold under execution. Kirby's Digest, § 6215, subdiv. 5; 21 Ark. 468; 13 Ark. 71; 8 Ark. 155. The verdict should be set aside.   13 Ark. 474; 24 Ark. 228.

*Gustave Jones,* for appellee.

1.   Appellant waived his objection to the court's ruling by not bringing it into his motion for new trial.   45 Ark. 524; 55 Ark. 376; 70 Ark. 427; 60 Ark. 256.

2.   The presumption is that the verdict was based upon legal testimony.   56 Ark. 572.

WOOD, J., (after stating the facts.)   The assignment of error in the motion for new trial that the verdict "was contrary to law" presents nothing for review on the ruling of the lower court in giving instructions.   *Ferguson* v. *Ehrenberg,* 39 Ark. 420; *Howcott* v. *Kilbourn,* 44 Ark. 215.

The only questions presented here are whether the verdict was without evidence to support it, and whether it was excessive. These are questions of fact which it could serve no useful purpose to discuss.   We are of the opinion that there was evidence sufficient here to support the verdict.

The verdict shows that the jury did not find any exemplary damages.   Then to have assessed the amount of actual damages at $1,000 they must have allowed appellee for the full amount of the timber which had been cut, and which he says he lost by reason of appellant's taking possession.   The proof showed that there were some fifty thousand feet of this timber, valued at $7 per thousand, making $350.   But the uncontradicted proof showed that this timber had been sold under execution, and bought by appellant before the bringing of this suit.   This timber was therefore the property of appellant, and appellee could not have been damaged by its loss.   The verdict was at least excessive as to this amount.   If appellee will enter a remittitur of $350 in ten days, the judgment will be affirmed for the residue; otherwise, it will be reversed, and the cause remanded for new trial.

ON REHEARING.

Opinion delivered January 13, 1906.

WOOD, J.   True, there is proof tending to show that appellant had taken possession of the hickory timber before he pur-

chased same at the execution sale, and appellee claims that the timber rotted in the woods while in appellant's possession.   Appellee says the timber "rotted in the woods, and he lost it all."   But there is nothing in the record to show when the timber rotted, or how much it had rotted and was damaged before appellant purchased it under the execution.   If the timber did not rot until appellant purchased it, appellee suffered no damage, and could not complain, for he might have protected himself at the sale. There is nothing in the record·to show that the  timber was lost to appellee on account of the negligence of appellant.  The broad language that the "timber rotted in the woods, and he lost it all" is too indefinite.   Appellee, to have recovered damages on this account, should have shown that the rotting in the woods took place while appellant was in possession of the timber, and that on that account it sold for only $15, when otherwise it would have sold for its full value.   The burden was upon the appellee, and we are of the opinion that the verdict was erroneous, under the state of proof, in allowing damages for the hickory timber which appellant had bought before the bringing of this suit.   While $350 may be slightly more than should be remitted, yet we must fix the amount large enough to make sure that, when remitted, it will cure the error in the verdict.   It is optional with the appellee whether he will accept it, or take a reversal and a new trial.

The motion for reconsideration is denied; and, if the remittitur is entered, the judgment will be affirmed for the residue.