STAINBACK *v.* HENDERSON.

Opinion delivered May 28, 1906.

1. APPEAL—WAIVER OF EXCEPTIONS.—An exception to the court's ruling in permitting an amended answer to be filed at law is waived where it was not included as one of the grounds for the motion for new trial. (Page 178.)

2. SAME—INSUFFICIENCY OF ABSTRACT.—Assignments of error in refusing certain instructions asked by appellant will not be considered if they are not set forth in his abstract. (Page 179.)

Appeal from Union Circuit Court; *Charles W. Smith,* Judge.

Suit by Stainback, Crawford & Company against Graves, Henderson and Cargile. Judgment was for defendants, and plaintiffs appealed. Affirmed.

STATEMENT BY THE COURT.

This action was instituted by appellants to recover of one

W. T. Graves the sum of $178 and interest at six per cent. from November 1, 1901.

The complaint alleged that appellants furnished Graves certain glass for a store front in the town of Junction City. They allege that the glass was furnished and set for Graves in a store which he then owned, under contract to pay appellants therefor the sum of $178. They alleged that they had filed their lien on the building as the law required; that since said glass was furnished, Graves had conveyed the property to O. B. Henderson, who at the time the glass was furnished had a mortgage on same; that Henderson had conveyed the property to C. J. Cargile. They prayed judgment for $178 and interest, and asked that same be declared a lien on the property which is described in the complaint, and for specific execution against the property. Henderson and Cargile were made parties defendant.

Appellees filed an answer October 8, 1902, in which they admit that appellants entered into a contract with Graves as set forth in the complaint, but they allege that, before appellants had performed any part of the contract or incurred any expense or liability on account of same, W. T. Graves countermanded the order for materials and labor to be furnished under the contract, and instructed appellants not to ship the glass. In an amended answer, filed March 25, 1903, appellees deny that Graves entered into the contract as set out in the complaint, but admit that Graves entered into a conditional agreement with appellants by which they were permitted to take the measure and number of the glass necessary for the front of the store mentioned in appellants' complaint, but they allege that it was understood and agreed that appellants should hold the measure and numbers of the glass and should not ship same until notified to do so by Graves; that Graves did not order appellants to ship the glass, but on the contrary directed them not to do so before the glass was shipped.

Appellees admit that appellants placed the glass in the store, but aver that they did so without the consent and over the remonstrance of Graves, and appellees deny that they are indebted to appellants, and pray judgment for their costs, etc.

A separate answer was filed by Cargile, in which he adopts the joint answer, so far as applicable, and sets up that Graves was

79—12

a tenant of one Henderson at the time the glass was furnished and the work done; that he (Cargile) knew nothing of the improvements placed on the property, nor did Henderson from whom he bought; that Graves had no right to incumber the property, etc.

Upon the issues thus made the cause was sent to the jury.

There was evidence tending to support the contention of appellants that Graves ordered glass from them for his store front, and that before he countermanded the order appellants had incurred an expense in ordering the plate glass from St. Louis, amounting to $160. There was also evidence tending to support the contention of appellees that the glass was ordered of appellants upon condition that it was not to be shipped to Graves until he notified appellants, and that he notified them in a reasonable time not to ship the glass, and that the glass was put in after it was shipped to Junction City over Graves's protest, and without his consent.

*R. G. Harper* and *Smead & Powell,* for appellees.

Appellant waived its exceptions to the filing of the amended answer by failing to allege same as a ground for new trial in their motion. 27 Ark. 374; 38 Ark. 413; 39 Ark. 420.

*R. L. Floyd,* for appellant.

1. It is error to permit an amendment substantially changing the defense. Kirby's Digest, § 6145.

2. The court erred in refusing instructions 7, 8 and 9 requested by appellant. It also erred in giving instructions 1 to 4 inclusive on behalf of appellees.

Wood, J., (after stating the facts.) 1. There was no error in permitting the amended answer. Under section 6098, Kirby's Digest, a defendant "may set forth in his answer as many grounds of defense * * * as he shall have." But the motion for new trial does not set out the ruling of the court in permitting the amended answer as one of the grounds for new trial. Therefore, even if the court erred in permitting it, appellants must be held to have abandoned their exceptions to the court's ruling in this particular. *Blunt* v. *Williams,* 27 Ark. 374; *Knox* v. *Hellums,* 38 Ark. 413; *Ferguson* v. *Ehrenberg,* 39 Ark. 420.

2. Appellants contend that the court erred in refusing instructions numbered seven, eight and nine asked by them. But these instructions are not set forth in the abstract, and we must assume that the court ruled correctly in refusing them. *St. Louis, I. M. & S. Ry. Co.* v. *Boyles,* 78 Ark. 274; *Shorter University* v. *Franklin,* 75 Ark. 571; *Koch* v. *Kimberling,* 55 Ark. 547.

Appellant further contends that the court erred in giving instructions numbered one to four on behalf of appellees. These instructions are not set forth in appellant's abstract. Appellees, however, have supplied the omission by setting them out in their brief. We find no error in the giving of these instructions. They present the law applicable to the facts on the theory that Graves had the right to countermand the order for the glass, and that there was to be no shipment until Graves notified appellants to ship same. In other words, they present the law based on the contention that the alleged contract evidenced in part by the order was conditional, and never became a completed contract. There was evidence, which went to the jury without objection, upon which to ground this contention, and to support the verdict.

The judgment is affirmed.