McEachern v. State.

Opinion delivered June 28, 1920.

1. CRIMINAL LAW—MOTION FOR NEW TRIAL—ASSIGNMENT OF ERROR.— An assignment of error that a verdict convicting defendant of arson was "against the law and evidence" in the case presents the question of the sufficiency of the testimony, but is not sufficient to raise the question that appellant was discriminated against, in that persons of her color were not allowed to serve as jurors.

2. ARSON—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to support a verdict convicting defendant, a negress, of arson, as against her attempted defense of an alibi.

Appeal from Jefferson Circuit Court; *W. B. Sorrells*, Judge; affirmed.

*A. W. Spears*, for appellant.

The exclusion of all persons of the African race from the grand jury because of race denied appellant of the equal protection of the laws and is in violation of our Constitution. *Carter* v. *Texas*, Adv. Sheets U. S. Rep., p. 690, April 16, 1900; 100 U. S. 303; 103 *Id.* 370-397; 162 *Id.* 565; 16 Sup. Ct. Rep. 904; 109 U. S. 65-7. See, also, 162 U. S. 592; 170 *Id.* 213. The testimony fails to establish the guilt of appellant.

*John D. Arbuckle*, Attorney General, and *Silas W. Rogers*, Assistant, for appellee.

1. The jury commissioners testified that they selected the best men obtainable for jury service without discrimination as to race or color, and thus fulfilled the requirements of the constitutional provision. This question has been settled. 100 U. S. 313.

2. The verdict is fully sustained by the evidence and is conclusive.

SMITH, J.   Appellant has prosecuted this appeal to
reverse a judgment sentencing her to the penitentiary
upon a conviction for arson.   Appellant is a person of
color, and she complains that she was discriminated
against on that account in the trial of the cause in the
court below, in that no member of her race was per-
mitted to serve upon either the grand jury which in-
dicted her, or upon the petit jury before which she was
tried.   She also complains that the testimony was not
sufficient to support the verdict.

The only error assigned in the motion for a new
trial is that "the verdict is against the law and evidence
in said case."   This assignment of error presents the
question of the sufficiency of the testimony, but does not
present for review the question of discrimination on ac-
count of color.

This court has held in a very large number of cases
that where the error complained of does not appear from
the face of the record, but is one which can be presented
only by bill of exceptions, that the error will be treated
as waived unless it is raised in the motion for a new
trial; and an assignment that the verdict is against the
law and the evidence is not sufficient to raise the question
that appellant was discriminated against in that persons
of her color were not allowed to serve as jurors.   *Deitz
v. Lensinger,* 77 Ark. 274; *Howcott* v. *Kilbourn,* 44 Ark.
213; *Ferguson* v. *Ehrenberg,* 39 Ark. 420; *Naylor* v. *Mc-
Nair,* 92 Ark. 345.

Upon the question of the sufficiency of the testimony
it may be said that the evidence on the part of the State
was to substantially the following effect.   Dr. J. W. John
owned a tract of land near Pine Bluff, known as the
Tuttle place, on which there was a dwelling house, and
there were some stacks of hay about three hundred yards
from the house.   This dwelling house was burned be-
tween nine a. m. and noon on a day in August.   At the
time of the fire title to the property was involved in
litigation between appellant and John.   Appellant, when
arrested, stated that the building belonged to her and

she had the right to do whatever she pleased with it, and that Dr. John was trying to take the property away from her, and that no one who took it from her would have any luck with it. Appellant was seen going toward the house between 8:30 and 9 a. m. on the morning of the fire. Another witness saw appellant on the same morning raise a window and enter the house, and testified that he saw appellant in the house, and saw her start a fire, and that when he returned a few hours later the building had burned, and that the hay was burned the following night.

The defense interposed by appellant was an alibi, and, according to the testimony offered in her behalf she was either in Pine Bluff at the time of the fire, or on the way there. It was conceded by the State that appellant did go to Pine Bluff, but the testimony is conflicting as to the time when she went, and the jury has resolved the conflict in the testimony against appellant; and as the testimony offered by the State was legally sufficient to support the verdict, it follows that the judgment must be affirmed, and it is so ordered.