# THE PEOPLE OF THE STATE OF ILLINOIS

## v.

# KIRK HAWES, A JUDGE OF THE SUPERIOR COURT.

*Practice—Bill of Exceptions—Extension of Time for Signing—Stipulation—Mandamus.*

1.   The records of a court are not so far closed at the end of the term that the parties may not appear at a subsequent term and by stipulation authorize the court to open them and take further proceedings.

2.   The court may, at a subsequent term and within the time limited for

The People v. Hawes.

filing the bill of exceptions, by an order entered in term time upon express stipulation of the parties, extend the time for filing such bill.

3. Where a party presents a bill of exceptions to the Judge who tried the cause, for his signature, within the time prescribed for filing the same, he will not be prejudiced by the neglect or refusal of the Judge to sign it until after the time fixed has expired.

4. Where the trial Judge improperly refuses to sign a bill of exceptions a peremptory writ of *mandamus*, requiring him to sign and seal it, will be awarded.

[Opinion filed February 1, 1888.]

On petition for *mandamus*.

Messrs. KRAUS, MAYER & STEIN, for relator.

Messrs. MOSES & NEWMAN, for respondent.

BAILEY, J. This is an original proceeding in this court, by *mandamus*, to compel the respondent, one of the Judges of the Superior Court, to sign and seal a bill of exceptions in a certain suit lately pending before him in said court. The facts, as shown by the petition, answer and affidavits, so far as we deem them material, are substantially as follows:

On the 22d of March, 1887, there was pending and undetermined in said court, an action of assumpsit brought by Emilie Pulver, the relator, against the Rochester German Insurance Company, to recover her loss and damage by fire to certain personal property, covered by a policy of insurance issued to her by said company. The trial of said cause was entered upon the 22d day of March, 1887, and concluded on the 29th day of the same month, the verdict of the jury being in favor of said company. On the 9th day of April, 1887, the relator's motion for a new trial was overruled, and on the same day judgment was rendered by the court, the respondent presiding, against the relator for costs. The relator thereupon prayed an appeal to this court, which was allowed, on her filing her appeal bond in the sum of $300, to be approved by the court, together with her bill of exceptions, within sixty days from that date. On the 1st day of June, 1887, a stipulation in

writing was entered into and signed by the attorneys of the insurance company and the relator, for and on behalf of their respective clients, by which it was agreed that the time for filing said bill of exceptions should be extended for the period of thirty days, from and after the time originally limited by said court for the filing of the same, and on the same day, it being one of the days of the May term, 1887, of said court, an order was entered in said cause in the following words: "On the stipulation of the parties hereto, it is ordered that the time for filing the appeal bond and bill of exceptions herein, be, and is hereby, extended until the 9th day of July next."

On the 22d day of June, 1887, the relator's attorney having completed his draft of the bill of exceptions, presented it to the respondent and requested him to sign it, and the respondent thereupon took the bill and wrote thereon as follows: "Presented for signature June 22, '87. Hawes." The respondent then directed that the bill be delivered to the attorney of the insurance company for examination, which was done. Various circumstances which we do not deem it material to notice, prevented a meeting of said attorneys before the respondent to settle the bill of exceptions until some time in October, 1887, when all proposed amendments to said bill were passed upon and settled, by the respondent; but being in doubt as to his power to sign the bill at that time, he took that question under advisement until November 3, 1887, on which day he decided that he had no power to sign said bill and refused so to do.

If the respondent had power to sign the bill of exceptions when it was presented to him on the 22d day of June, he should be required to sign it now. The rule is, that where a party presents his bill of exceptions to the Judge who tried the cause, for his signature, within the time prescribed for filing the same, he having thus done all that he can, will not be prejudiced by the neglect or refusal of the Judge to sign the bill until after the time fixed for that purpose has expired. Underwood v. Hossack, 40 Ill. 98; Magill v. Brown, 98 Ill. 235; Village of Hyde Park v. Dunham, 85 Ill. 569; Hake v. Strubel, 121 Ill. 321.

The People v. Hawes.

The time limited by the court for filing the bill of exceptions at the time of entering the judgment and granting the prayer for an appeal, expired on the 8th day of June, but before the expiration of that period, though at a subsequent term, by an order entered in term time, by express stipulation of the parties, the time was extended thirty days, and within the time, as thus extended, the bill of exceptions was presented to the respondent for his signature. The theory upon which his power to sign the bill on the 22d of June is denied, is that, at the adjournment of the term at which the final judgment was rendered, the record in the case was closed and was no longer within the power of the court.

It may be conceded that, in theory at least, the record was closed at the expiration of the term, but that theory, so far as it relates to the bill of exceptions, is complied with by an enforcement of the rule of practice which requires that bills of exceptions, though in fact signed and sealed long after the term, should purport on their face to be signed and sealed at the term. While such is doubtless the theory, the actual fact, so far as it relates to the proceedings by which the bill is drafted, settled, signed and sealed, is that those matters which necessarily involve the exercise of both judicial and ministerial functions, are all to be performed after the term is closed. In this respect the record, though closed, in theory, at the end of the term, is not so in fact, and all the proceedings necessary to complete the record, so far at least as they involve the performance of judicial functions, are necessarily as completely "within the breast of the Judge" until the bill is settled and signed, as are the records of the court during the term. The bill of exceptions when signed and filed, is doubtless to be regarded as a part of the records of the term, but the proceedings by which that document is put into form and duly authenticated are, at least so far as the practical fact is concerned, matters which are not closed at the adjournment of the term, but which are subsequent to the term, and which may be regarded, when the term of the court ends, as "pending and undisposed of." We see no reason then, why the matter of settling and signing the bill of exceptions, where time for that

purpose was given, may not be regarded as continued, by operation of the statute, in such sense, at least, as to vest the court with power over the subject at its next term, provided such term intervenes and the court takes action before the period limited has expired.

But the circumstances of this case do not require a decision of the question here suggested, as the extension of the time to file the bill of exceptions was granted by the court upon the express stipulation of the parties. It should be observed that no question is made as to the authority of the respective attorneys to enter into such stipulation for and on behalf of their clients. Such authority is averred in the petition, and is not denied or questioned by the answer to affidavits, and we do not understand counsel for the respondent as challenging such authority in the least. Furthermore, such authority must have been passed upon and found by the Superior Court, on entering the order extending the time for filing the bill of exceptions, as the order recites that the extension of time was made on the stipulation of the *parties*, which could only be true upon the theory that the attorneys had competent authority to enter into the stipulation, so as to make their act in law the act of their clients.

Whatever may have been the power of the court in the premises, in the absence of a stipulation, we can not doubt that such power was given by the express consent of the parties themselves. The records of a court are not so far closed at the end of the term that the parties may not appear at a subsequent term and by agreement, authorize the court to open them and take further proceedings. Can it be doubted, for example, that, where a judgment is entered by default at one term, the parties may not appear at a subsequent term and by stipulation, authorize the court to set the judgment aside and give leave to the defendant to defend? Or can it be doubted that where a decree of foreclosure is entered at one term, the parties may not appear at a subsequent term and by their agreement authorize the court to vacate the decree, and enter a new decree for a larger or smaller sum, or permit the whole case to be re-litigated? We see no reason, either in law or

public policy, why any proceeding, however final or conclusive, where the rights of no third party have intervened, may not be opened by the court, where all the parties so agree, and the court be thus re-invested with jurisdiction to take further proceedings therein.   So in this case, if all proceedings in relation to obtaining a bill of exceptions were to be regarded as closed at the expiration of the time limited by the court at the preceding term, the parties had clearly the power and the right by agreement, to open them, and thus invest the court with power, by an order entered in pursuance of their stipulation, to extend the time, by granting a further period for filing the bill of exceptions.

But it is said that the Supreme Court has taken a different view of the law in the recent case of Hake v. Strubel, 121 Ill. 231.   We do not so understand that case.   There sixty days were given to file the bill of exceptions and before the time had expired, the Judge, *in vacation*, assumed to grant an extension of the time and the question presented was, whether a Circuit Judge *in vacation* has the power to extend the time for presenting and filing a bill of exceptions beyond the time fixed by the court at the term at which judgment was rendered and still make the bill of exceptions a part of the record.   The answering of this question in the negative in no way militates against any of the views we have expressed.   It can not be and never has been pretended, so far as we know, that a Judge in vacation, in the absence of express statutory authority, can interfere with or change the records of the court over which he presides.   Where the performance of particular duties in vacation are in conformity with recognized rules of practice, committed to him by an order, entered in term time, he may perform those duties according to and within the terms of the order, but he can not modify or enlarge the order and thus extend his powers.

The entry of orders in judicial proceedings are judicial acts, and must be performed by the court when in session and not by a Judge in vacation.   As said in the case last cited, "the making of the order allowing appeal, and fixing the amount of the bond, and the time in which the bond and bill

of exceptions in the cause shall be presented and filed, is a judicial act, which can only be performed by the Judge in term time, and when sitting as a court. The making of the order is an exercise of judicial power vested in the presiding Judge, but the order when made is the order of the court. If, then, the original order of appeal, providing *inter alia*, within what time the bill of exceptions in the cause might be presented and filed, was a judicial act which could only be performed by the Judge in term time, and when sitting as a court, as we have seen in this case, it follows that the act of changing such order by entering another order extending the time in which the bill of exceptions in the cause might be presented and filed, fourteen days, would be of the same judicial character—an execution of judicial power; and such act could be performed by a Judge only in term time."

It follows necessarily from the same course of reasoning, that the Judge was powerless to change the order in vacation even by consent or stipulation of the parties. It being a judicial act which the Judge had no power to perform in vacation, such power could not be given by stipulation, upon the principle that jurisdiction, so far as it related to the subject-matter of judicial action, can not be given by consent. The same want of judicial power, however, does not exist where the Judge is sitting as a court. There the jurisdiction over the subject-matter is given by law, and the Judge has power to enter any proper order, where there is jurisdiction of the parties, either by the service of process or by voluntary consent.

We are of the opinion that the respondent had the power to sign and seal the bill of exceptions in the present case, at the time it was presented to him for his signature, and having the power, it was his duty so to do. It appearing that the bill of exceptions has been settled and all disputes in respect to its contents decided, so that nothing remains to be done but the ministerial act of signing and sealing the document as prepared and settled, a peremptory writ of *mandamus* will be awarded commanding the respondent to sign and seal the same.

*Peremptory mandamus awarded.*