BESSIE S. HEWETSON *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 14, 1898—Rehearing denied April 6, 1898.*

1. SPECIAL ASSESSMENTS—*property owner who resists confirmation should file written objections.* A property owner resisting the confirmation of a special assessment roll should file his objections thereto in writing, and upon his failure to do so the adverse party may obtain a rule requiring his compliance.

2. SAME—*when failure to file written objections is cured by the Statute of Amendments and Jeofails.* Where a property owner voluntarily appears in court, and by mutual agreement a judgment of confirmation entered by default at a previous term is vacated, a trial entered upon without written objections and the cause submitted upon the evidence adduced by both parties, the property owner has conferred upon the court jurisdiction of his person, and any irregularity arising from the failure to file written objections is cured by the Statute of Amendments and Jeofails.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

GEORGE W. WILBUR, for plaintiffs in error.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is a writ of error sued out to reverse the judgment of the county court of Cook county confirming special assessments against property of the plaintiffs in error, levied for the purpose of defraying the cost of improving

Ogden avenue, from Warren avenue to Twelfth street, in the city of Chicago.

Judgment of confirmation was entered by default on September 23, 1896, and the errors assigned question the jurisdiction of the court over the persons of the plaintiffs in error (it being alleged legal notice was not given to them) and also the validity of the ordinance. It appears, however, from the record, that plaintiffs in error, after the rendition of said judgment by default, on, to-wit, the 2d day of July, 1897, together with defendant in error, came into open court in said county court and entered their motion that the said judgment should be vacated and set aside, which motion the court, after due consideration, granted, and entered an order vacating and setting aside said judgment by default, and that afterwards, on the same day, the parties waived the intervention of a jury and submitted all questions involved in said petition for a judgment of confirmation to the court without a jury, and the court heard the evidence adduced by the parties, respectively, and the argument of counsel, and entered judgment that the assessment of the property of the plaintiffs in error, as returned by the commissioners, should be reduced twenty per cent, and that the assessment so reduced be confirmed, and judgment was entered confirming the same. It further appears from the record, that on the 10th day of July, 1897, plaintiffs in error, and the defendant in error by its counsel, came again into the county court, and agreed in open court that the judgment order entered on the 2d day of July, 1897, reducing the assessment and confirming it as so reduced, should be entered *nunc pro tunc* as of the date of the original confirmation by default, and that the court thereupon entered such *nunc pro tunc* judgment.

As to the judgment rendered by default September 23, 1896, plaintiffs in error insist there was no service of the notice of the pendency of the petition, as required by the statute, and that therefore the default and judgment

172—8

were unauthorized.   They also allege the ordinance is
void for a number of reasons.   As to the judgments ren-
dered July 2 and July 10, 1897, counsel for plaintiffs in
error insists the court did not obtain jurisdiction of the
plaintiffs in error by their mere appearance in the court
and submitting the cause for hearing to the court upon
evidence to be produced by the parties, but that, under
the statute, it was necessary, in order to give the court
jurisdiction to hear testimony and decide the case, that
written objections to the report of the commissioners
should have been filed by the plaintiffs in error.

The statutory provision referred to is section 30 of
article 9, chapter 24, of the Revised Statutes, as follows:
"Any person interested in any real estate to be affected·
by such assessment may appear and file objections to
such report, and the court may make such order in regard
to the time of filing such objections as may be made in
cases at law in regard to the time of filing pleas."   The
argument of counsel for plaintiffs in error is, there was
no sufficient notice to bring plaintiffs in error before the
court, and that under the statute, in the absence of ser-
vice of notice, written objections were necessary to enter
the appearance of plaintiffs in error and also to form an
issue to be tried and determined by the court, and he
contends the judgments of July 2 and of July 10, 1897,
are void for want of jurisdiction to render them, and be-
cause no issue was made by the parties to be decided by
the court.

Under the statute, the property owner desiring to de-
fend against a petition for a judgment of confirmation
of special assessment should file his objections in writ-
ing, and the adverse party may ask and obtain a rule of
court requiring the property holder so defending to file
written objections; but if the property owner appears
voluntarily in open court, and the parties by mutual con-
sent enter upon the trial without written objections, and
each party adduces evidence and by mutual agreement

they submit the cause as made by the proof to the court, we think the property owner has conferred jurisdiction of his person, and that the Statute of Amendments and Jeofails will cure any errors or irregularities arising from the failure to file objections in writing and thereby make an issue for trial. In *Brazzle* v. *Usher*, Beecher's Breese, 35, a trial was had in the circuit court without any plea having been filed, and this court held the Statute of Amendments cured the irregularity. In *Graham* v. *Dixon*, 3 Scam. 115, the case went to trial in the circuit court without a plea to one of the counts in the declaration, and we said (p. 118): "Will the non-joinder of an issue on this count, or the immaterial issue, justify the reversal of the judgment for such cause? We think not. The Statute of Amendments and Jeofails has provided against any error arising from such causes, and the defendant cannot now assign either for error." In *Kelsey* v. *Lamb*, 21 Ill. 559, we held, if parties, by consent, dispense with written pleadings and submit their cause for trial without any issue being formed, they will be deemed estopped from assigning as error the absence of formal pleadings and the lack of a joinder in issue.

Plaintiffs in error cite *Kelly* v. *City of Chicago*, 148 Ill. 90, in support of their contention the county court, in the case at bar, had no jurisdiction to vacate the judgment of confirmation after the close of the term at which such judgment was rendered. That case but declares the general, well-known rule that a court has no jurisdiction, after the close of a term, on its own motion to alter or vacate any judgment rendered during the term; but the rule has no application when the parties voluntarily submit themselves to the jurisdiction of the court at a subsequent term, and ask the alteration, opening for defense or vacation of a judgment.

In the opinion rendered in the case of *People* v. *Hawes*, 25 Ill. App. 326, in the Appellate Court for the First District, which opinion was approved and adopted by this

court on appeal, (129 Ill. 124,) it was said: "The records of a court are not so far closed at the end of the term that the parties may not appear at a subsequent term and by agreement authorize the court to open them and take further proceedings. Can it be doubted, for example, that where a judgment is entered by default at one term the parties may appear at a subsequent term and by stipulation authorize the court to set the judgment aside and give leave to the defendant to defend? * * * We see no reason, either in law or public policy, why any proceeding, however final or conclusive, where the rights of no third party have intervened, may not be opened by the court where all the parties so agree, and the court be thus re-invested with jurisdiction to take further proceedings."

No objection was made or exception saved to the entry of the judgment of July 2, setting aside and vacating the judgment entered by default September 23, 1896, and reducing the assessment against the lands of the plaintiffs in error, or to the order and judgment of July 10, 1897, making the judgment of July 2 operative *nunc pro tunc* as of September 23, 1896. We think those judgments binding and effective as against plaintiffs in error. Such being the case, it is unnecessary we should consider the alleged errors upon which plaintiffs in error base their insistence the judgment rendered by default September 23, 1896, is erroneous and should be reversed, for the reason that judgment was, on the motion and with the full acquiescence of plaintiffs in error, vacated, annulled and set aside by the judgment of July 2, 1897.

The judgment of the county court is affirmed.

*Judgment affirmed.*