## HARRISON *et al.* v. OSBORN.

No. 712.   Opinion Filed January 10, 1911.

Rehearing Denied December 15, 1911.

(114 Pac. 331.)

1.   JUDGMENT—Vacation—Consent of Parties.   The county court having authority to set aside its judgments on statutory grounds at a subsequent term, the same may be set aside by consent of parties.

2.   APPEAL AND ERROR—Disposition of Cause—Affirmance.   When it is not pointed out wherein the answer states facts sufficient to constitute a defense, and the same is not to us apparent, and no issue of law arising on demurrer is attempted here to be presented, the judgment of the trial court sustaining a general demurrer to said answer will not be disturbed.

3.   ASSIGNMENTS—Subject of Assignment—Bond.   Where C., B., and H. are, by written obligation, made, executed, delivered, and assigned in Indian Territory prior to the erection of the state, bound unto one Cooper in the sum of $750 conditioned that they would, on January 1, 1908, deliver to him unincumbered possession of certain lands that day sold to him by said C. & B.; that if the conditions of said bond were compiled with it should be null and void, otherwise to remain in full force and effect—held, in a suit by Cooper's vendee of the land and assignee of the bond, that the same was to him assignable, and that he is entitled to recover the sum specified therein as liquidated damages.

(Syllabus by the Court.)

*Error from District Court, Pontotoc County;*
*Joel Terrell, Judge.*

Action by John R. Osborn against George A. Harrison and others.   From a judgment in favor of plaintiff, defendants bring error.   Affirmed.

*C. A. Galbraith, Tom D. McKeown, I. M. King,* and *W. G. Currie,* for plaintiffs in error.

*Duke Stone,* for defendant in error.

TURNER, J.   On January 28, 1908, John R. Osborn, defendant in error, sued Geo. A. Harrison, J. W. Bolen, and John

P. Crawford, plaintiffs in error, in the county court of Pontotoc county to recover a sum certain on a written obligation. His petition substantially states: That on September 28, 1907, said Crawford and Bolen as principals, and said Harrison as surety, made, executed, and delivered to one C. P. Cooper their certain undertaking as follows:

"We undertake and are bound unto C. P. Cooper in the sum of $750.00 conditioned that we will deliver to him unincumbered possession of the lands this day sold to him by J. W. Bolen and J. P. Crawford, it being the surplus allotment of Samuel C. Melville on the 1st day of January, 1908, provided however, that U. G. Winn shall have the full right to use the branding pen and the dip vats on said place for the years 1908 and 1909. And it is further agreed that if the conditions of this bond are complied with it shall be null and void, otherwise to remain in full force and effect. This the 28th day of Sept. 1907. Crawford & Bolen. Geo. A. Harrison."

That the same was given as a part of the consideration of the sale of the lands therein described; the sum thereby secured being intended as liquidated damages to be paid said Cooper or his assigns upon the breach thereof. That on November 9, 1907, said Cooper sold said lands to plaintiff and as part consideration therefor assigned to him, with the knowledge and consent of defendants, said written obligation, who thereby became entitled to the posession of said lands on January 1, 1908. That defendants breached said bond, in that they failed to deliver to him possession of said lands on said date after demand therefor made by him—and prays judgment for said amount and costs. After general demurrer thereto filed and overruled, defendants answered, whereupon plaintiff demurred to said answer, which was sustained, and, defendants electing to stand thereon, judgment was rendered and entered March 26, 1908, in favor of plaintiff and against defendants for $750 and costs. On March 28, 1908, defendants filed motion for a new trial. At the next term of the court, on May 2, 1908, by agreement. of counsel, said judgment was set aside, pending the hearing of motion for a new trial, and the motion continued until the next term of the court, but on May 12th was taken up without ob-

jection and overruled and judgment again entered as stated. To review said judgment defendants bring the case here by case-made.

It is contended by defendant in error that the judgment of March 26, 1908, became final at the expiration of the March term, and that the court was without jurisdiction to set the same aside during the next term as it did, even by consent of counsel, having lost jurisdiction over the case at the expiration of the term at which said judgment was rendered. The effect of this contention, if successfully maintained, would be a dismissal of this proceeding for the reason that the case-made was not made and served within the statutory time after the rendition of that judgment. But the point is not well taken. The judgment rendered and entered May 12, 1908, is the final judgment.

This was the contention in *National Home, etc., v. Overholser,* 64 Ohio St. 517, 60 N. E. 628. In that case judgment was rendered and entered on the verdict for Overholser against the Home, in the court of common pleas, November 25, 1898. Motion for a new trial was duly filed but not disposed of until March 27, 1899. On March 25, 1899, by consent of parties, the judgment of November 25, 1898, rendered and entered at a former term, was set aside, and on March 27th, the motion for a new trial was overruled and judgment rendered in favor of plaintiffs for the amount of the verdict, whereupon defendant excepted, took a bill of exceptions, and filed the same May 10, 1899. The circuit court sustained the contention that it was without jurisdiction, for the reason that the petition in error was not filed within four months after the rendition of the judgment, and dismissed the proceeding. In reversing the order of dismissal, the court said:

"The circuit court acted upon its own motion, and apparently upon the impression that the court of common pleas on March 25, 1899, was without jurisdiction to set aside the judgment which it had rendered on the 25th of November, 1898, although the parties consented thereto. That view of the subject is erroneous. It was not an agreement to confer upon the court of common pleas jurisdiction of a subject-matter. That court is vested by statute with authority to set aside its judgments

after the terms at which they are rendered for specified reasons, and, when counsel consented that that jurisdiction should be exercised in this case, they did no more than to waive the allegation of a statutory ground for such action. That judgment having been set aside, the judgment of March 27, 1899, upon the overruling of the motion for a new trial, is the only final judgment of the court of common pleas in the case, and, the petition in error having been filed within four months of the rendition of that judgment, it was the duty of the circuit court to consider it"
—and reversed the order of the circuit court dismissing the petition in error and remanded the cause for further proceedings. *Hewetson et al. v. City of Chicago,* 172 Ill. 112, 49 N. E. 992; 17 Am. & Eng. Encyc. of Law, 838.

Defendants contend that the court erred in overruling their demurrer to the petition, because, they say, the bond was not assignable, and hence plaintiff was without legal capacity to sue. Not so. The bond, being made, executed, delivered, and assigned in Indian Territory prior to the admission of the state into the Union, was made assignable by law then in force in that jurisdiction. Mansf. Dig., sec. 473 (Ind. T. Ann. St. 1899, sec. 455) reads:

"All bonds, bills, notes, agreements and contracts in writing for the payment of money or property shall be assignable." (2 Am. & Eng. Encyc. of Law, 1041, citing *Jordan v. Thornton,* 7 Ark. 224, 44 Am. Dec. 546; *Nevill v. Hancock,* 15 Ark. 511.)

As it is not pointed out to us wherein defendants' answer states facts sufficient to constitute a defense to the action, and the same is not to us apparent after careful examination, and no issue of law arising on demurrer is attempted here to be presented, we cannot say that the court erred in sustaining a general demurrer to said answer.

It is next contended:

"That said court erred in treating the amount of damages set out in the bond in suit as liquidated damages and in rendering judgment for the full amount thereof without proof as to the actual damages, if any, sustained by the plaintiff on account of the default alleged in the petition."

Not so, for the reason that upon a fair construction of the face of the bond, and in view of the decision of this court in

*Gann v. Ball,* 26 Okla. 26, 110 Pac. 1067, following *Williams v. Green,* 14 Ark. 315, we do not think the court erred in holding as it did, in effect, that plaintiff was entitled to recover the stipulated amount of the bond as liquidated damages. That said amount was not intended as a penalty is apparent in that "penal" before "sum" is carefully omitted from its terms. And, although the terms liquidated or stipulated damages are not mentioned, we think that $750 was the agreed compensation thereby intended to be paid plaintiff or his assigns for the damage sustained as a result of defendants' failure to deliver possession of the land on the date stipulated therein. Had the facts in this case arisen in Oklahoma Territory or subsequent to the erection of the state, a different rule might apply. *Kelly v. Scay,* 3 Okla. 527, 41 Pac. 615.

Finding no error in the record, the judgment of the lower court is affirmed.

HAYES, KANE, and DUNN, JJ., concur; WILLIAMS, J., not participating.