## McALEER et al. v. DAWSON et al.

No. 12989—Opinion Filed June 2, 1925.

Rehearing Denied July 13, 1926.

1. **Appeal and Error—Review—Absence of Error—Trial Judge—Disqualification.**

An application was made to disqualify the judge before whom the cause was set for trial. Thereafter, without action upon the application, the cause was assigned to another judge of the district court and trial was had before said district judge without objection. Held, no objection can be made on appeal. The trial judge who tried the cause was not disqualified and the record in .said cause presents no question for review in this respect.

2. **Divorce—Final Decree Unappealed from Awarding Property is Sufficient Basis of Title.**

A decree in a divorce action, final and unappealed from, which awards real estate to one of the parties, passes the title to said party and a warranty deed thereafter made by said party conveys title.

.3. **Same—Quieting Title—Cancellation of Oil Leases—Findings of Fact—Weight of Evidence.**

The evidence in the instant case has been examined, and the weight thereof clearly supports the findings of fact of the trial court.

4. **Jury—Trial by Jury—Refusal not Erroneous in Equity Cause.**

In an equity cause a party is not entitled as a matter of right, to a trial by jury. The record in the instant case has been examined, and same discloses that the object of the litigation was equitable relief, and that the issues of fact involved were purely equitable and triable by the court without the intervention of a jury.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

· Error from District Court, Carter County; B. C. Logsdon, Judge.

Action by D. S. Dawson et al. against B. A. McAleer et al. Judgment for plaintiffs, and defendants appeal. Affirmed.

C. L. McGuire, Bender & Edwards, and V. J. Bodovitz, for plaintiffs in error.

Rittenhouse & Rittenhouse, for defendants in error.

Opinion by LYONS, C. The parties will be referred to as in the court below.

This was an equitable action brought by plaintiffs against the defendants for the cancellation of certain instruments affecting real estate, with a prayer, further. for the quieting of plaintiff's title.

The learned trial court made the findings of fact and conclusions of law which set forth the controversy concisely and completely. The findings of fact and conclusions of law are as follows:

"From the testimony admitted in this case, and by a fair preponderance thereof, the court finds the following facts to be established:

"First. That Irene Frances McGuire acquired the legal and equitable title to all of the real estate described in plaintiff's petition herein from Charles Lincoln McGuire under and by virtue of a judgment and decree of the district court within and for Lincoln county, Okla., in an action therein pending wherein Irene Frances McGuire was plaintiff and Charles Lincoln McGuire was defendant, being cause No. 5807 on the docket of said court, said decree being rendered and entered on the 30th day of October, 1919, and that her title thereafter became perfect on the 10th day of November, 1919, by reason of the failure of the defendant in said action, Charles Lincoln McGuire, to perfect an appeal within the time and in the manner authorized by law, and that said decree together with a certificate under the hand and seal of the court clerk

of Lincoln county, Okla., showing the failure to perfect said appeal were of record in the office of the county clerk of Carter county, Okla., on and after the 15th day of November, 1919.

"Second. That plaintiffs acquired title severally to the lands described in plaintiff's petition hereby by purchase from Irene Frances McGuire Phalan by deeds dated respectively October 31, 1919, and November 5, 1919, and without notice of any unrecorded instruments affecting the title, and that said deeds were of record in the office of the county clerk of Carter county, Okla., on and after the 5th day of November, 1919.

"Third. That leases covering the lands in controversy herein, and other lands were prepared in blank by C. L. McGuire, dated June 25, 1918, and signed and acknowledged by his wife, Irene Frances McGuire, in the state of Kentucky, and returned to and received by him in Oklahoma county, Okla., on the 2nd day of July, 1918; as to when the blanks in said leases, including the name of the lessee were filled in and by whom, the court makes no finding.

"Fourth. That the leases from C. L. McGuire, and his wife, to Roy Johnson, dated June 25, 1918, were executed the day they bear date and were delivered to Roy M. Johnson by C. L. McGuire on December 22, 1919, without consideration; that none of the terms and conditions of said leases were ever complied with, nor were they intended to be complied with, by the aid of Roy M. Johnson; that said leases were recorded in the office of the county clerk of Carter county, Okla., December 22, 1919.

"Fifth. That the assignments of said leases by the said Roy M. Johnson to M. P. Kinkaid on April 30, 1920, were made at the direction of C. L. McGuire, and that C. L. McGuire, received the proceeds of said assignment, either as owner or as president of the Oklahoma Petroleum Company. but in which capacity he received said proceeds, the court makes no finding.

"Sixth. That long prior to the delivery of said lease to Roy M. Johnson the same had been repudiated by Irene Frances McGuire and she had been assured by C. L. McGuire that said leases had been 'done away with,' or destroyed; that no development of any kind was ever done or attempted under said leases, and that no rentals were ever paid or tendered thereunder prior to October, 1920.

"Seventh. That Charles Lincoln McGuire, C. L. McGuire, C. Lincoln McGuire and Charles L. McGuire, variously referred to in the testimony, is one and the same person and that Irene Frances McGuire, Irene Frances McGuire-Phalan and Irene Frances McGuire Phalan Wilson is one and the same person, that they were respectively defendant and plaintiff in cause No. 5807, in the district court in Lincoln county, Okla.

## "Conclusions of Law.

"Upon the facts as above found and determined the court concludes as matter of law:

"First: That upon the title to the lands in controversy being perfected in Irene Frances McGuire Phalan on the 10th day of November, 1919, through failure of the defendant to perfect his appeal in cause No 5807, her title inured to the benefit of her grantees, D. S. Dawson and F. A. Rittenhouse, plaintiffs in this action. who are now the legal and equitable owners thereof to the extent of the moieties described in their deeds respectively.

"Second: That the delivery of the leases in controversy in this action by C. L. McGuire to Roy M. Johnson on the 22nd day of December, 1919, was fraudulent as to Irene Frances McGuire Phalan and her grantees, the plaintiffs herein, and that the recording (sic) of said leases was intended to and did cloud the title of these plaintiffs in and to the lands described in plaintiffs' petition herein.

"Third: That said leases are void for fraud in their delivery.

"Fourth: That if said leases had not been void for fraud, all rights of the lessee, Roy M. Johnson, thereunder terminated for failure to develop or pay rentals long prior to the assignment thereof to M. P. Kinkaid. who was charged with notice.

"Fifth: That plaintiffs are entitled to have said lease so delivered to Roy M. Johnson by C. L. McGuire, and all assignments thereof cancelled of record insofar as they affect the title to the lands described in plaintiffs' petition herein as clouds upon the titles of plaintiffs, respectively.

"Sixth: That the temporary injunction heretofore granted in this action should be made permanent.

"B. C. Logsdon, District Judge."

A motion for a new trial was overruled and the cause is here on defendants' appeal.

Defendants' first assigment of error is that the trial judge was not authorized to sit in this cause. This assignment is predicated on the fact that defendants had challenged the qualification of Honorable T. W. Champion, one of the judges of the district court, to sit in this cause; thereafter, without protest or objection on the part of defendants, the cause was assigned to the judge who presided in the trial. No objection to the qualification of the Honorable B. C. Logsdon was made in the court below. or is urged here. It is merely contended that the assignment of the cause during the pendency of an ap-

plication to disqualify Judge Champion was reversible error. The purpose of the defendants' application was to secure a trial before some judge other than Judge Champion. This purpose was accomplished when the cause was set for trial before Judge Logsdon, and there is nothing in this record on which to predicate an error in this respect. It appears affirmatively that the defendants received a fair trial, and this assignment of error must, therefore, be overruled for the reason that no objection or claim of disqualification was made in the court below, and no claim of disqualification of the learned judge who tried the cause is urged here.

The defendants' contention is "That Judge Champion's pretended appointment of Judge Logsdon, trial judge, is indefensible and so irregular as to render citation of authorities unnecessary." Judge Logsdon was a regularly elected and qualified judge of the district court, and the contention of the defendants is not supported either by fact or law.

The further contention of the defendants on this appeal—and, in our view, the only contention which requires serious notice—is that the court erred in its findings that Irene Frances McGuire possessed good title to the land in controversy. This is based on the claim that an appeal was pending in the divorce action by which said land was awarded to said Irene Frances McGuire at the time of the making of the conveyance by her.

The record discloses a certificate of the court clerk of Lincoln county to the effect that no written notice of appeal was filed within the ten days immediately following the rendition of the decree of divorce. The losing party attempted to appeal and the appeal was dismissed (McGuire v. McGuire 78 Okla. 164, 789 Pac. 193.) Therefore, the judgment awarding the lands in controversy to Irene Frances McGuire was a final judgment unappealed from, and said Irene Frances McGuire had full right to convey said lands, and her conveyance passed title. The defendant is, therefore, in no position to question the validity of said conveyance.

The next contention urged is that certain oil and gas mining leases were valid. The trial court found that these leases were executed without consideration, that none of the terms of said leases were ever complied with, nor were they intended to be complied with by the lessee, and that said leases, in any event, lapsed by reason of the nonpayment of rentals.

All of these findings of fact are amply supported by the evidence, and in fact there is no substantial testimony in the record to the contrary. This contention must, therefore, be overruled.

It is further urged that the court erred in refusing to grant the defendants a trial by jury. Inasmuch as this was an action in equity and properly triable to the court sitting as a chancellor, this contention must be denied under the authority of the following cases: Moore et al. v. Kelly, 57 Okla. 348, 157 Pac. 81; Propst v. Bearman, 76 Okla. 71, 183 Pac. 886; Smith v. Williams, 78 Okla. 297, 190 Pac. 555; Williams v. Diesel, 65 Okla. 163, 165 Pac. 187; Carter v. Prairie Oil & Gas Co., 58 Okla. 365, 160 Pac. 319; Success Realty Co. v. Trowbridge, 50 Okla. 402, 150 Pac. 898; Hartsog v. Berry, 45 Okla. 277, 145 Pac. 328; Gulley v. Territory, 19 Okla. 187, 91 Pac. 1037; Board of Co. Commissioners v. McKinley, 8 Okla. 128, 56 Pac. 1044; Hogan v. Leeper, 37 Okla. 655 133 Pac. 190.

It follows from the foregoing that the decision of the trial court is in harmony with the weight of the evidence, is in conformity with the law, and must be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 759; 33 C. J. p. 1012. (2) 19 C. J. p. 339; 32 Cyc. p. 1320. (3) 4 C. J. p. 898. (4) 35 C. J. p. 159.