In the Matter of the ESTATE of Etta Fay PUGH, Deceased.

No. 36413.

Supreme Court of Oklahoma.

March 29, 1955.

938

Hughey Baker, Tulsa, for appellant.

George W. Reed, Jr., Harry Seaton, Tulsa, for appellee.

DAVISON, Justice.

This case is here on appeal by Eileen Cone from the judgment of the district court of Tulsa County reversing the judgment of the county court in a probate proceeding distributing the estate of Etta Fay Pugh, deceased.

On January 23, 1941, Etta Fay Pugh and Edison F. Pugh (husband and wife) acquired by purchase from George W. Burley and Pearl J. Burley title to a certain tract of real estate located in the City of Tulsa, County of Tulsa, Oklahoma, described as follows:

"The Westerly 37.5 feet of the Easterly 75 feet of Lots Seven (7) and Eight (8), Block Nineteen (19), of Gillette-Hall Addition to the City of Tulsa, Tulsa County, Oklahoma, according to the recorded plat thereof."

Under the deed title was conveyed to them as joint tenants with the right of survivorship. The granting clause of the deed recites that upon the death of either the survivor to take the entire fee simple title. The premises were thereafter occupied by the parties as a home and constituted their homestead.

Thereafter Edison F. Pugh filed a petition for divorce against his wife in the district court of Tulsa County on the ground of extreme cruelty in which it is alleged that during their marriage they acquired the real estate above mentioned and certain personal property described in the petition and prayed that a divorce be granted and that an equitable distribution of the jointly acquired property be made between the parties.

On the 30th day of July, 1946, the divorce was granted and there was distributed by the decree to Etta Fay Pugh, defendant in the action, full title to the real estate above mentioned and the balance of the property was distributed to plaintiff, Edison F. Pugh.

Several days thereafter in compliance with the above decree of distribution Edison F. Pugh executed a quitclaim deed to his wife, Etta Fay Pugh, conveying to her all his right, title and interest in and to the above premises. On January 2, 1947, the parties to the divorce action filed a joint petition seeking a vacation of the divorce decree in which it is alleged that since the granting of the divorce they have become reconciled and have settled and adjusted

all differences between them and prayed that the divorce decree be vacated and set aside; that they be restored to their marital status and that property rights be restored to them as they existed prior to the granting of the decree and prayed judgment accordingly. The trial court on the same day, after hearing in open court, granting the petition, vacated the divorce decree, restored the parties to their marital status and restored the property rights as they existed prior to the divorce.

Etta Fay Pugh died on March 1, 1950, leaving surviving her as her sole and only heirs, her husband, Edison F. Pugh, and her daughter by a former marriage, Eileen Cone. Edison F. Pugh, her surviving husband, was duly appointed administrator of her estate. The estate was administered by him and in due course he filed his final account and petition and supplemental petition for distribution of the estate in which he states that as administrator he came into possession of the real estate consisting of the lot in the City of Tulsa above described of the value of $5,500 and personal property of the value of $2,706.32; that he paid various expenses including taxes on the real estate and repairs and improvements on the real estate out of his own pocket in the sum of $4,381.93; that the real estate above mentioned was jointly owned by him and deceased, Etta Fay Pugh, as joint tenants with the right of survivorship and that upon the death of his wife, Etta Fay Pugh, the entire title in and to the real estate in question vested in him under survivorship deed to the exclusion of the heirs of his deceased wife and prayed that distribution be made accordingly.

Eileen Cone filed objections to the final account and to the petition and supplemental petition for distribution of the estate in which she alleged that she is the surviving daughter and heir of the deceased and pleaded the decree of divorce granted the parties as above mentioned, division made of the property under the decree and execution of the quitclaim deed above referred to and alleged that by reason thereof Etta Fay Pugh became the sole owner of the real estate involved and that upon her death Edison F. Pugh, her surviving husband, was entitled to inherit one-half interest in the property and she was entitled to inherit the remaining one-half interest therein and prayed that distribution be made accordingly.

The county court approved the final account of the administrator but found that the petition and supplemental petition of the administrator for determination of heirship and distribution of the estate of deceased should be denied, and further found that the decree of the district court of Tulsa County, dated January 20, 1947, vacating the decree of divorce rendered in said cause operated to restore the marital rights of the parties but did not under the facts of this case operate to create the joint tenancy which existed in the parties prior to the divorce under the warranty deed under which the property was acquired and upon the death of Etta Fay Pugh title of the property became vested one-half in Edison F. Pugh and the other one-half interest vested in Eileen Cone, surviving daughter of deceased by a former marriage, subject to the homestead rights of Edison F. Pugh.

Edison F. Pugh as administrator and in his individual capacity, appealed from the judgment of the county court to the district court of Tulsa County in which court, after hearing de novo, the judgment of the county court was reversed. The district court found that it had jurisdiction over the parties and the subject matter of the application of both Edison F. Pugh and Etta Fay Pugh, his wife, to vacate and set aside the decree of divorce and to restore the property rights of the parties as joint tenants and that upon the death of Etta Fay Pugh, Edison F. Pugh the survivor took the entire title to the premises free and clear of any claim whatsoever by or on behalf of Eileen Cone and reversed and remanded the cause to the county court of Tulsa County with directions to make distribution in accordance with this judgment.

Protestant Eileen Cone, hereinafter referred to as appellant, appealed to this court and among other things contends that the court in vacating the decree of divorce had no right or authority to create a joint

tenancy with the right of survivorship between Edison F. Pugh and Etta Fay Pugh.

■ The court however by its decree did not create such an estate between the parties. It simply upon the joint petition and request of both parties vacated the divorce decree and restored them to their former marital status and restored the property rights between them as they existed prior to the granting of the divorce. The court by its decree did not create a joint tenancy between the parties with the right of survivorship. Such estate was created under the deed conveying the property to them. The decree vacating the divorce and restoring the property rights to' the parties as they existed prior to the granting of the divorce had the effect of leaving the status of the parties as to their property rights as they existed under the deed conveying the 'property to them as though they had never been divorced.

Appellant further contends that a decree in a divorce action which is final and unappealed from which awards real estate to one of the parties passes title of said property and a warranty deed thereafter made by the said party conveys title and in support of this contention relies on McAleer v. Dawson, 119 Okl. 273, 248 P. 615; Davis v. Davis, 61 Okl. 275, 161 P. 190; Bewley v. Bewley, Okl., 266 P.2d 436. These cases are not applicable here. In none of these cases did the parties to whom the property was awarded, make application or request that the divorce decree be vacated and set aside and the property rights be restored between the parties as they existed prior to the divorce as was done by the parties in the present case. If after the decree of divorce was entered and prior to the time it was vacated and set aside Etta Fay Pugh had conveyed the property here involved to a third party title, under the above authorities, would have passed to him under the conveyance. No such state of facts however appear in the present case.

■ Counsel for appellant further contends that under the quitclaim deed heretofore mentioned, executed and delivered by Edison F. Pugh to his wife, Etta Fay Pugh, she became sole owner of the property, and, since no further transfer of the property was made during her lifetime, upon her death the entire title to the property remained in her notwithstanding the order of the court vacating the divorce decree and restoring the property rights between them as they existed prior to the divorce, and that upon the death of Etta Fay Pugh one-half interest in the property descended to her surviving husband, Edison F. Pugh and the other one-half interest descended to her as the surviving daughter and heir of deceased. We do not agree. When Etta Fay Pugh appeared before the court and by petition requested that the divorce decree theretofore entered be set aside and the property rights between them be restored as they existed prior to the granting of the divorce she waived all rights she may have . had under the quitclaim deed and since the quitclaim deed was executed and delivered to her by her husband for the sole purpose of complying with the decree distributing the property rights between the parties, the vacation and setting aside of that decree had the effect of also vacating and setting aside the quitclaim deed.

■ The contention of appellant that the doctrine of joint tenancy with the right of survivorship did not exist in Oklahoma prior to the 1945 Legislative Enactment which now appears in 60 O.S.1951 § 74, cannot be sustained. We have held to the contrary in Kilgore v. Parrott, 197 Okl. 77, 168 P.2d 886.

·In view of what is above said it 'follows that upon the death of Etta Fay Pugh, Edison F. Pugh her surviving husband took full title to the real estate involved under the survivorship deed to the exclusion of the heirs of Etta Fay ·Pugh. Draughon v. Wright, 200 Okl. 198, 191 P.2d 921.

■ ·It is pointed out in the briefs of the parties that the judgment vacating the divorce decree above referred to was vacated after the term in which it was rendered had expired; that no statutory grounds for its vacation were alleged in the petition. Since however the judgment was vacated upon the petition of both parties requesting and

consenting that the decree be vacated and set aside the court had jurisdiction to vacate it after the term at which it was rendered although no statutory grounds for its vacation were alleged in the petition. Harrison v. Osborn, 31 Okl. 103, 114 P. 331; 27 C.J.S., Divorce, § 168, p. 807; Annotation, 43 A.L.R. page 549.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD, and JACKSON, JJ., concur.