Gertrude F. ALLEN, Administrator of the Estate of Eddie Allen, dec. and Individually, Appellant,

v.

OUACHITA MARINE AND INDUSTRIAL CORPORATION, Tulsa Marineland, Inc., Rockwell International, Johnson Motors, A division of Outboard Marine Corporation, Appellees.

No. 51979.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 18, 1979.

Rehearing Denied Jan. 8, 1980.

Certiorari Denied Feb. 19, 1980.

Released for Publication by Order of Court of Appeals Jan. 8, 1980.

Lawrence A. Johnson, Tulsa, for appellant.

Knight, Wagner, Stuart & Wilkerson by Alfred B. Knight, Tulsa, for appellee Ouachita Marine and Industrial Corp.

Whitten, McDaniel, Osmond, Goree & Davies by Dale F. McDaniel, Tulsa, for appellee Rockwell International.

REYNOLDS, Judge:

On May 25, 1974, Eddie H. Allen, Jr. drowned as the result of a boating accident on Grand Lake in Oklahoma when the boat in which he was riding swerved suddenly, throwing Allen and Thomas Ackley, the owner-driver of the boat, into the water.

The deceased's wife, Gertrude F. Allen (Appellant) was appointed administratrix of the estate of her deceased husband.

On July 3, 1975, Appellant filed suit against Thomas Ackley. The suit contained two causes of action-wrongful death and survivorship. On March 18, 1976, a consent judgment in Appellant's favor was reached in the sum of $35,000. A Journal Entry of Judgment and a Release and Satisfaction of the judgment were filed of record.

Appellant filed the present action on March 22, 1976, against Ouachita Marine & Industrial Corporation; Rockwell International; Tulsa Marineland, Inc.; and Johnson Motors (Appellees). This suit also contained two causes of action—wrongful death and survivorship. Appellant alleged that Allen's death was directly and proximately caused by manufactured defects in the boat. Appellees filed a special demurrer for misjoinder of causes of action and a motion to dismiss on the ground that the Judgment and the Release and Satisfaction operated as a bar to further proceedings against them.

On July 7, 1976, without notice to Appellees, the Judgment and Release and Satisfaction in the Ackley case was vacated.

On March 24, 1978, the present action was dismissed for the reason that the Judgment and the Release and Satisfaction deprived the trial court of jurisdiction to act for the reason that the satisfaction of a judgment against one joint tortfeasor discharges all other joint tortfeasors. The trial court also held that the vacation of that Judgment and Release and Satisfaction was void as against the Appellees for failure to give notice to all interested parties.

It is an elemental principle of Oklahoma law that although separate judgments may be recovered against joint tort-

feasors, satisfaction of the judgment with one discharges all other joint tortfeasors. *Cartright v. MFA Mutual Insurance Company of Columbia, Missouri*, Okl., 499 P.2d 1380 (1972); *Powell v. Powell*, Okl., 370 P.2d 909 (1962); *City of Wetumka v. Cromwell-Franklin Oil Co.*, 171 Okl. 565, 43 P.2d 434 (1935); *Cain v. Quannah Light & Ice Co.*, 131 Okl. 25, 267 P. 641 (1928). However an injured person may release one of several joint tortfeasors by a covenant not to sue, and such will not operate to release the other joint tortfeasors unless it was so intended.

 Appellant maintains that it would be inequitable to bar her claims against the Appellees. While acknowledging that the vast number of Oklahoma decisions hold that final judgments may be vacated only upon substantial compliance with the provisions of Title 12 O.S.1971, § 1031 et seq., Appellant submits that there is a second method of vacating a judgment that lies within the inherent equitable powers of the court. Appellant cites two cases: *In Re Pugh's Estate*, Okl., 281 P.2d 937 (1955) and *Harrison v. Osborn*, 31 Okl. 103, 114 P. 331 (1911).

We affirm the existence of such an equitable device in those extraordinary situations where the consent of *all* parties materially concerned therewith could be obtained to vacate a final judgment. Here however, unlike *Harrison* and *Pugh*, not all of the parties to the cause of action were present before the court requesting vacation of the Judgment and the Release and Satisfaction.

 Appellant had one cause of action against all of the joint tortfeasors. She chose to sue only Ackley in the first action. A Judgment was rendered and a Release and Satisfaction of that Judgment were entered. Under Oklahoma law this discharged Appellees and barred Appellant's claims. Four days later Appellant filed this suit against Appellees. Appellees filed a motion to dismiss raising the issue of the bar. Four months later the Judgment and the Release and Satisfaction thereof were vacated by the Ackley court. In proceed-

ings to vacate a judgment after its rendition, reasonable notice to adverse parties and parties materially interested therein must be given notice or the vacation thereof is void. *Allen v. Allen*, Okl., 209 P.2d 172 (1948). Appellees were not present nor were they given notice of the vacation proceedings. Therefore, the vacation was void.

AFFIRMED.

ROMANG, P. J., and BOX, J., concur.