ADELBERT W. OLDS

*v.*

THE NORTH CHICAGO STREET RAILROAD COMPANY.

*Filed at Ottawa January 19, 1897—Rehearing denied March 12, 1897.*

BILLS OF EXCEPTION—*judge may sign duly presented bill of exceptions after time for filing has expired.* Where a bill of exceptions has been duly presented to a judge within the time allowed, he may sign and seal the same, though not done until after the time fixed by the order and also after the term of court at which judgment was entered.

*North Chicago Street Railroad Co.* v. *Olds,* 64 Ill. App. 595, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

CONSIDER H. WILLETT, for appellant:

When the time to file the bill of exceptions has expired, as also the term of court in which the judgment was entered, the court has no jurisdiction to sign and seal a bill of exceptions. *Hake* v. *Strubel,* 121 Ill. 321; *Burst* v. *Wayne,* 13 id. 664.

The power of the court exists to extend the time in which to file a bill of exceptions, but the term at which the judgment was entered having expired, such extension can be granted only within the time in which the court had given permission to file the bill of exceptions. *Marseilles* v. *Howland,* 136 Ill. 84; *Patterson* v. *Stewart,* 104 id. 104; *People* v. *Gary,* 105 id. 264; *Hawes* v. *People,* 129 id. 123; *Railroad Co.* v. *People,* 106 id. 652; *Gorski* v. *Featherstone's Sons,* 55 Ill. App. 368; *Dickey* v. *Bruce,* 21 id. 445.

EGBERT JAMIESON, and JOHN A. ROSE, for appellee:

If the appellant presents his bill of exceptions to the trial judge within the time prescribed by law, he will not be prejudiced if the judge does not sign the bill until

after the time allowed has expired.   *Magill* v. *Brown*, 98 Ill. 235; *Underwood* v. *Hossack*, 40 id. 98; *Hyde Park* v. *Dunham*, 85 id. 570; *Hawes* v. *People*, 129 id. 123; *Ferris* v. *Bank*, 158 id. 237; *Stein* v. *Kendall*, 1 Ill. App. 101; *Railroad Co.* v. *Morrison*, 160 Ill. 288.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This case originated in the Superior Court of Cook county.   The action is by the appellant, against the appellee, for an alleged injury to one of his hands, caused by being forcibly ejected from a street car of the defendant by the conductor.   The question of fact in dispute between the parties was whether or not the plaintiff was a trespasser upon the car, the theory of the defense being, that owing to his drunken and filthy condition of person he was not entitled to be taken and carried upon the car with other passengers.   He was first put off the car or prevented from entering it without force, but immediately got back on the platform and attempted to remain there or force his way into the car, and resisted being put off by clinging to the car railing, the injury resulting to his hand by the conductor forcing him off.   Upon the first trial he obtained a judgment, which was reversed by the Appellate Court, (see 40 Ill. App. 421,) and the cause was remanded.   Upon the second trial he again recovered judgment, and the defendant appealed.   In the Appellate Court counsel for plaintiff entered his motion to strike the bill of exceptions from the files, upon the ground that at the time it was signed the judge had no jurisdiction to do so.   That motion was overruled and the judgment of the trial court reversed without remandment, and hence this appeal.

It seems that the judgment was rendered February 1, 1896, and the appeal then prayed, with leave to file a bill of exceptions within twenty days from that date.   On February 18 an order was entered extending the time for filing the bill of exceptions five days, and a similar order

was entered on the 21st of the same month. These orders, it is admitted, cannot be reasonably construed as extending the time beyond March 2, 1896. The bill of exceptions concludes: "Signed this 4th day of March, as of the 21st day of February, A. D. 1896.—James Goggin, Judge, etc. (Seal.)" And it was filed March 4, 1896, as of February 22. Endorsed upon the bill of exceptions appear the words: "Presented in open court this 21st day of February, A. D. 1896.—James Goggin, Judge."

It is insisted by counsel for appellant that the time allowed to file the bill of exceptions had expired, and that as the term of court at which the judgment was obtained had also expired, the court had no jurisdiction to sign and seal the bill of exceptions,—relying upon *Hake* v. *Strubel*, 121 Ill. 321, and cases there cited. In this case, however, as shown by the endorsement of the judge, the bill of exceptions was presented within the time allowed, and although the judge did not then sign and seal it, or do so until after the time fixed for its presentation, the signing and sealing were not without jurisdiction. It was held in *Underwood* v. *Hossack*, 40 Ill. 98, that although the bill of exceptions appeared not to have been actually filed until some time after the time allowed in which to file it, yet the party having presented it to the judge within the time prescribed for its being filed, he had complied with the rule so far as it was in his power to do so, and that he could not be prejudiced because the judge had failed to actually sign it until after the time limited had expired, and it was said: "The judge having signed this bill of exceptions, we will presume that he would not have done so unless it had been presented to him in proper time." Here, as we have seen, that presumption is made certain by the endorsement of the judge. To the same effect are *Village of Hyde Park* v. *Dunham*, 85 Ill. 569, *Magill* v. *Brown*, 98 id. 235, *Hawes* v. *People*, 129 id. 123, *Ferris* v. *Commercial Bank of Chicago*, 158 id. 237, and *West Chicago Street Railroad Co.* v. *Morrison*, 160 id. 288. We think

the Appellate Court properly overruled the motion to strike the bill of exceptions from the files.

On the merits of the case, the questions of fact as to whether the plaintiff was a trespasser and properly excluded from the car, and whether excessive force was used in putting him off, are settled by the decision of the Appellate Court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*