### Albert C. Banker, Appellee, v. J. Marion Miller et al., Appellants.

### Gen. No. 14,883.

1. APPEALS AND ERRORS—*when bill of exceptions not stricken.* If a bill of exceptions has been presented to the trial judge for signature in apt time, his failure to sign and seal the same within the time provided for the filing thereof, and the fact that the same was not actually filed within such time, is immaterial.

2. APPEALS AND ERRORS—*when dismissal not awarded.* If the bill of exceptions is stricken from a record a dismissal of the appeal will not be awarded, as the record which remains affords the basis for assignments of error.

Trespass on the case. Appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Motions denied Opinion filed April 20, 1909.

JOHN HUMPHREY, for appellants.

HOWARD AMES, for appellee.

MR. JUSTICE CHYTRAUS delivered the opinion of the court.

This action is one of trespass on the case. On June 18, 1908, a judgment was rendered in the Municipal Court against defendants there, appellants here, for $750. At the time of the rendition and entry of the judgment appellants were allowed an appeal to this court. So far as now material the order entered by the court was as follows: "Whereupon the defendants, by their counsel, * * * pray an appeal from the judgment of this court to the Appellate Court of the First District of Illinois, which appeal is allowed by the court, conditioned upon the defendants filing their appeal bond herein in the penal sum of twelve hundred dollars in thirty days, together with the bill of exceptions in forty days." On July 27, 1908, a bill of exceptions was presented to the trial judge and he marked it presented on that date, as appears on the record, under his signature. It also appears, from the recital in the record and the clerk's file mark upon the bill of exceptions, that the bill of exceptions was filed on August 3, 1908. Nothing else being shown, the only legitimate inference is that the unsettled bill of exceptions was presented and left with the trial judge, on July 27, 1908, and that he retained it for the purpose of inspection and examination. There is nothing upon the record to suggest that either before or after being left with the trial judge for settlement, it was withdrawn by any one. The trial judge either found it correct or made such changes or corrections as he deemed right and signed and sealed it, as appears, on July 30, 1908, and then, on Monday, August 3, 1908, caused it to be marked filed by the clerk. It is urged that the bill of exceptions should be stricken from the record because it was not filed within the time conditioned in the order allowing the appeal and it is also urged that the bill

being stricken the appeal must be dismissed with statutory damages. No authority has been presented in support of the motion and nowhere do we find any authority justifying such practice as that urged upon us. In Underwood v. Hossack, 40 Ill. 98, this *precise* situation came before the Supreme Court. It was there held that when a party presents his bill of exceptions to the trial judge in due time he is not to be prejudiced because the judge may not actually sign the bill until after the time so fixed has expired and, furthermore, that the bill having been signed by the trial judge it will be presumed that it was presented to him in due time. "The mere fact that it was not *filed* within the time, does not rebut that presumption; but the defendant is at liberty to do so by showing such not to have been the fact; until that is done, the bill of exceptions will be regarded as having been filed in good time." In that case the file mark showed the bill of exceptions to have been filed after the expiration of the time allowed for the filing. We know of no decision of the Supreme Court overruling that case, hence we are obliged to regard the question settled as a rule of practice in this state. The case was approved of in Hawes v. People, 129 Ill. 123, 127; Olds v. North Chicago St. Ry. Co., 165 Ill. 472, 474, and People v. Hawes, 25 Ill. App. 326. In the case at bar there is, in addition to the presumption that it was presented in due time, the memorandum of the trial judge showing that to be a fact. The bill of exceptions was left with the trial judge on July 27th, and the time for filing expired with July 28th. The trial judge having received it before the expiration of the time for filing, it became his duty to act upon it in time or to extend the time previously allowed. Practically, the party had no means whereby to compel him to act in time.

We cannot in this case say, as was said in Hall v. Royal Neighbors, 231 Ill. 185, 192, that "the failure to file the bill of exceptions was chargeable solely to the attorney who had possession of it." The conclusion in that case was predicated upon the facts of that case.

We cannot regard the decision in that case as overruling Underwood v. Hossack, so long as it neither expressly nor necessarily does so. It is a wholesome, necessary and imperative rule of law that no party will be prejudiced by any delay or neglect of the court. In Ferris v. Commercial Nat. Bank, 158 Ill. 237, 239, our Supreme Court quotes and approves of the rule in the United States Supreme Court in that regard as follows: "The rule is, that where a party moves in apt time he shall not be permitted to be injured by the delay or neglect of the court to act, but will be protected in his rights by a *nunc pro tunc* order or otherwise." Undoubtedly, if appellant had moved the trial judge to act in this matter that learned judge, having a due regard for his position and his duty, would have heard appellant upon a motion and directed the filing of the bill of exceptions as of the day when, according to his own memorandum, it was presented to him, namely, July 27, 1908. No judge would endeavor to defeat, obstruct or prevent a review of his rulings or decisions. The motion to dismiss, made in connection with the motion to strike, is, evidently, made without due consideration by counsel. Even though the motion to strike were allowed, a record would remain whereupon it would be possible to predicate error and whereupon appellant would be entitled to be heard.

Appellee's attorney has moved this court for leave to file affidavits showing what has taken place in court and out of court in respect to the bill of exceptions and the settling thereof, in support of his motion to strike. This court cannot inspect affidavits with reference to such matters. We cannot go outside the record in regard to what has occurred in the court below, respecting a case before us on review, whether the matters occurred before or after the disposal of the case, Moore v. Williams, 132 Ill. 591, 594; except in some instances where matters subsequently occurring may be pleaded here.

The motions aforesaid will all be denied.

*Motions denied.*