## The People of the State of Illinois, Defendant in Error, v. Robert E. Cantwell, Plaintiff in Error.

### Gen. No. 15,221.

1. APPEALS AND ERRORS—*when bill of exceptions may be considered.* A bill of exceptions in the Municipal Court if tendered within the statutory time may be considered on review although not approved until after such time.

2. ASSAULT AND BATTERY—*when indictment sufficient.* An indictment charging assault and battery may be sufficient without the use of the word "unlawful."

Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 13, 1911.

JAMES T. BRADY and GEORGE W. PLUMMER, for plaintiff in error.

JOHN E. W. WAYMAN and JOHN L. HOPKINS, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The plaintiff in error was found guilty by a jury in the Municipal Court of assault and battery and fined $75 and costs. The witnesses in the case are not in accord on the exact details of the affair, which culminated in a blow by the plaintiff in error that knocked down and broke the nose of a baseball umpire named Kerin, but there is nothing in the record throwing the least doubt on the fact that the blow was given in anger and wholly without legal justification. Beyond this there was evidence for the State quite sufficient to enable a jury to form a further belief that the act was without provocation or warning and inspired by resentment at a decision unpopular among the partisans of one baseball team in a match just played.

The penalty was by no means unduly severe for the offense.

Counsel for the People claim that the bill of exceptions in the case cannot be considered. They say that it was not "approved" within the time allowed by law. It was "tendered" in time and we are of the opinion expressed by the Branch Appellate Court of this District in Banker v. Miller, 148 Ill. App. 182, that this is sufficient.

But the objections urged by plaintiff in error to the judgment are not forceful to our mind. The information we deem sufficient. Assault and battery is sufficiently charged, and so is unlawfulness. The use of the word "unlawful" is not necessary.

There were no material errors in the rulings of the court on evidence or in the instructions.

The conviction seems to us to have been justifiable and the penalty light, and the judgment is affirmed.

*Affirmed.*