## Sadie K. Dunshee, Appellee, v. Charles Dunshee et al., Appellants.

### Gen. No. 5,715.

1. PARTITION—*apportionment of solicitor's fee.* In partition proceedings, brought by a widow after renouncing the provisions for her in the will of her deceased husband, against the other devisees under the will and a minor grand-niece of deceased, who made claim as statutory heir on the ground that such renunciation rendered the estate intestate, a decree apportioning complainant's costs and solicitor's fee is affirmed on the ground that the rights of the parties were correctly set forth in the bill, and no good and substantial defense was interposed by the devisee defendants, and because the minor, being defeated in her defense, even though good and substantial, had no interest in the premises and could therefore not object to such apportionment.

2. PARTITION—*appointment of solicitor's fee.* Where the solicitor for complainant in partition proceedings fairly and honestly represents the interests of all the parties, and defendants think it prudent to have their own counsel watch the proceedings so that no advantage be taken, they will be required to pay their own counsel and their proportion of the fee of complainant's solicitor.

3. PARTITION—*apportionment of solicitor's fee.* The object of section 40 of the Partition Act is to allow an apportionment of solicitor's fees against all persons in interest only in cases where it is not necessary for the defendants, or any of them, to employ counsel to protect their interest in the land.

4. PARTITION—*apportionment of costs.* In order for complainant in partition proceedings to have his costs apportioned, it is not sufficient that he come within the mere letter of the statute in

properly setting forth the rights and interests of the parties, if the solicitor acts in the proceedings otherwise in the interest of complainant and adverse to the interests of defendants, so as to make it reasonably necessary for them to employ counsel to protect their rights.

5. PARTITION—"*good and substantial defense.*" The phrase "good and substantial defense," in section 40 of the Partition Act, does not mean a successful defense nor one which is merely formal, frivolous and vexatious, and not undertaken in good faith.

6. PARTITION—*clouds may, but need not, be removed.* Clouds may be removed from the title in a partition suit, but the statute does not require that it shall be done in order to entitle complainant to apportionment of solicitor's fees.

7. PARTITION—*costs on appeal involving cloud on title.* Where an appeal from a decree in partition proceedings did not affect complainant's rights, but involved a cloud on the title of defendants, and the latter aided the contestant, they can make no valid objection to apportionment of solicitor's fees on such appeal.

8. PARTITION—*amendment not preventing apportionment of costs.* A bill for partition was amended by substituting the word "excepting" for "including" in the prayer, that in the event of failure to divide "the entire estate, including said homestead estate of your oratrix, may be sold." *Held,* such correction of a clerical error affords no reason for refusing to apportion costs under the statute.

9. APPEALS AND ERRORS—*when certificate of evidence will not be stricken.* Where the certificate of evidence does not show at whose instance it was filed, nor when it was signed, and is incorporated in the record at the instance of appellee, appellants, in moving to strike it from the record, because not filed in time, cannot complain of their own delay, and if appellee originally filed it, it will be presumed in support of the action of the trial judge, in signing it, that it was presented in apt time, and it then became a proper part of the record, even if signed after the time limited.

Appeal from the Circuit Court of Carroll county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913.

HENRY MACKAY, for appellants.

F. J. STRANSKY, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court

of Carroll county, taxing as costs $1,000 solicitor's fee in a partition suit wherein the decree, fixing the rights and interests of the parties in the premises, was confirmed in Dunshee v. Dunshee, 251 Ill. 405. We refer to the report of that case for a full statement of the matters there involved and determined. All parties claim title under Robert Dunshee, deceased. By his will he devised the land in question to his widow, the complainant. She renounced the provisions of the will and there being no child, or descendant, took one-half the real estate in fee; she filed her bill for partition, making seven defendants besides the tenant in possession, averring that she owned half of said real estate as tenant in common with six of said seven defendants, who, she averred, owned the other half as devisees of the deceased, in proportions stated in the bill, and that the seventh defendant, Mary Dunshee, a minor, claimed some interest in the land, but in fact had none. Mary Dunshee appeared by her guardian *ad litem* and filed the usual, formal answer, and was actively represented in the trial court by counsel and contended that the renunciation of the widow had the effect of making the land intestate property, and that she was entitled to a portion thereof as the heir of Robert Dunshee, or if the court should deny this contention, that she was entitled to take under the provisions of the will as one of the heirs of Amasa Dunshee. Robert Dunshee had other heirs than those named in the will as devisees of the property in question, therefore had she succeeded in her first contention, it would have been to the financial loss of each of the six other defendants. Had she succeeded in her second contention it would have been to the loss of three of the other six defendants. But the interest of the complainant, Sadie K. Dunshee, was not affected by the questions presented. They were important only to Mary Dunshee and the other six defendants, settling their relative interests in the undivided half

of the land in question. The other six defendants appeared by counsel answered the bill and in various ways supported the contention of the minor. The trial court held the interests of the parties as stated in the bill and entered a decree accordingly; the minor only appealed and the decree was confirmed by the Supreme Court.

After the case was reinstated in the Circuit Court it proceeded to a sale of the land and distribution of the proceeds and to a decretal order allowing the solicitor's fee here complained of. That order recites the hearing of proofs and finds sufficient facts to support the allowance of solicitor's fees under section 40 of the Partition Act. It recites that "the rights and interests of all the parties in interest were correctly set forth in the bill for partition filed for the complainant herein by said solicitor; that no good and substantial defense thereto was interposed by either or any of the defendants thereto" together with other findings, supporting the fixing of the amount at $1,000. The decree was entered March 12, 1912; said six defendants prayed an appeal which was allowed "to either or any of them upon the filing of a bond by either or any * * * within thirty days from the entry of this decree, and the filing of a certificate of evidence herein within ninety days." The three applicants filed a bond within the thirty days limited. The March term of court at which said action was taken adjourned June 7, 1912, and on August 27, 1912, in vacation after the intervening June term of the court, a certificate of evidence was filed, signed by the trial judge; it does not appear when it was signed or at whose instance it was filed, but it is incorporated in the record brought here at the instance of appellee. Appellants have moved to strike this certificate from the record because not filed within the ninety days limited and that motion has been taken by us with the case. If appellants filed this certificate of evidence after the time limited, they can-

not complain here of their own delay. If we assume that appellee filed it, and consider the question presented, we may presume in support of the action of the trial judge in signing the certificate that it was at least presented to him in apt time and being filed after the expiration of the ninety days, even if signed after that time, became a proper part of the record. Olds v. North Chicago St. R. Co., 165 Ill. 472; Banker v. Miller, 148 Ill. App. 182. If the certificate were stricken from the files then we must look to the decree to see if there is a sufficient finding of facts to support it, and as we have said before it seems to be so supported. The motion to strike the certificate from the record will be denied. There is no contention but the bill correctly stated the interests of the parties as finally determined. The contention is that a good and substantial, though unsuccessful defense, was interposed by the defendants and therefore the case does not fall within the provisions of the statute authorizing the apportioning of solicitor's fees as costs. We are of the opinion that a defense within the meaning of the statute was interposed by the minor defendant, Mary Dunshee. A guardian *ad litem* was taxed and paid out of the general fund. In so far as the other defendants saw fit to aid her, they cannot be said in good faith interposed a good and substantial defense to the bill. The minor, Mary Dunshee, has no interest in the question now before the court. Had she some other interest in the fund from which the solicitor's fee must be paid she might with reason, object. But we have presented here the case of a bill for partition correctly stating the title of all parties in interest and making defendant another party for the purpose of removing a cloud from the title; a reasonable but unsuccessful defense, made by that other party aided by defendants, not for the protection of their own interests but directly opposed to their interests in the land in question. It is not equitable that these defendants should be per-

mitted by joining in an attack on their own title to defeat the right of the complainant to have her solicitor's fee taxed as costs where she was successful in defeating the adverse claim, not in her own interest but in the interest and for the benefit of the defendants objecting to the allowance of the fee. Section 40 of the Partition Act provides for allowance of solicitor's fee "When the rights and interests of all the parties in interest are properly set forth in the petition or bill * * * unless the defendants, or some one of them, shall interpose a good and substantial defense to said bill or petition." The object of the statute is "to allow an apportionment of solicitor's fees against all persons in interest in such cases, and such only, where it is not necessary for the defendants, or any of them, to employ counsel to protect their interests in the lands." Habberton v. Habberton, 156 Ill. 444.

The statute has been construed in favor of equity and justice as applied to individual cases arising under it. It is settled that "good and substantial defense" does not mean a successful defense, nor does it mean one which is merely formal, frivolous or vexatious, and not undertaken in good faith. Metheny v. Bohn, 164 Ill. 495. That it is not sufficient that the complainant come within the mere letter of the statute in properly setting forth the rights and interests of the parties, if the solicitor otherwise in the proceedings acts in the interest of complainant and adverse to the interest of the defendants, so as to make it reasonably necessary for defendants to employ counsel to protect their rights in the premises. McMullen v. Reynolds, 209 Ill. 504. But though it may be thought prudent where the personal relations of the parties are unfriendly for defendants to employ counsel to see that the proceedings are regular and no advantage taken or sought, this would not justify a court in refusing to apportion the solicitor's fee. "Where the solicitor for complainant fairly and honestly represents the inter-

ests of all the parties in the premises sought to be partitioned, there is, no necessity for defendants employing counsel. If, notwithstanding there is no necessity for it, defendants should conclude it would be wise to have their own counsel watch the proceedings, we see no hardship in their being required to pay counsel so employed by them, in addition to their proportion of the fee of the solicitor for complainant." Searl v. Searl, 122 Ill. App. 129.

Clouds may be removed from the title in a partition suit, but the statute does not require that it shall be done in order to entitle the complainant to apportionment of the solicitor's fee. It is not an essential part of a partition suit. Stollard v. Nycum, 240 Ill. 472; Sanford v. Sanford, 157 Ill. App. 350.

The Illinois cases have been so thoroughly cited and reviewed in the foregoing cases that they need not be further noted here. Under the authority of those cases the trial court was justified in apportioning the costs, including solicitor's fees, among the parties in interest. The amount of the fee is not here in question. It was in accordance with the evidence and defendant's counsel on the hearing said to the court that he made no objection to the amount of the fee.

It is argued that a decree fixing solicitor's fees allowed by statute cannot be supported by a finding of facts embodied therein. This is material only if the certificate of evidence be not considered. We are aware of no such distinction and if there be one, as counsel suggests for the reason that the reviewing court ought to have the evidence before it that it might exercise its own judgment as to the amount of the fee, that could only effect a case where the amount of the fee was in question. It is contended, also, that solicitor's fees should not have been taxed because the original bill was amended. It appears that the bill was filed August 11, 1910, and prayed that in the event of failure to divide "the entire estate *including* said homestead estate of your oratrix may be sold." After

the issues were made up and on April 11, 1911, complainant asked leave to amend her bill, by substituting "excepting" for "including," alleging inadvertence in using the word "including" in the original draft of the bill. The amendment was allowed and made. This amendment does not appear to have been induced or suggested by the defendants, but was the correction of a clerical error, such as would be granted as a matter of course in any chancery proceeding and affords no reason for refusing to apportion costs under the statute.

It is urged that solicitor's fees should not be taxed against defendants as to costs made, or appeal taken by the minor, Mary Dunshee. The trial court in taxing the fee of solicitors took into account services performed in the Supreme Court on the appeal. As we have before seen, those services were entirely in the interest of the defendants. Complainant might have abandoned the case there without danger to her interest in the land. Under the order complained of she is charged with one-half of those services. It is certainly no hardship on defendants to be charged with the other half, and whatever the rule may be, in cases where an expensive contest is carried on as part of a partition suit with parties claiming an adverse interest, there is no reason in this case for denying solicitor's fee to complainant, because a part of them were earned in a contest over the rights of the minor. The decree is affirmed.

*Affirmed.*