## Anton Jaggle, Plaintiff in Error, v. Otto Nagle, Defendant in Error.

## Gen. No. 18,610.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*judge who must authenticate stenographic report.* By analogy with Practice Act, § 81, J. & A., ¶ 8618, application to have the stenographic report of the proceedings at the trial of a cause in the Municipal Court of Chicago signed and filed must be made to the judge who entered the judgment, unless he is sick, dead or otherwise disabled.

2. MUNICIPAL COURT OF CHICAGO, § 26*—*when judge is not disabled from authenticating stenographic report.* That the judge who entered a judgment in the Municipal Court of Chicago is presiding in another branch of the court at the time of an application to have the stenographic report of proceedings authenticated is not such disability as is contemplated by the Practice Act, § 81, J. & A., ¶ 8618, as would excuse not making the application to him.

3. MUNICIPAL COURT OF CHICAGO, § 29*—*judicial notice not taken of rules of court.* The Appellate Court cannot take judicial notice of the rules of the Municipal Court of Chicago.

Error to the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 20, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

E. A. ABORN, for plaintiff in error.

LORENZ & REDDY, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

This writ of error was sued out to reverse a judgment of the Municipal Court in a suit of the fourth class. A motion has been interposed to strike the stenographic report from the record and files and to affirm the judgment. This motion was reserved to the hearing.

The transcript of the record shows that the case was heard and the judgment entered on May 3, 1912, by Rufus F. Robinson, County Judge of Henderson County, then holding a branch of the Municipal Court at the request of the judges of said court. On May 31, 1912, an order was entered extending, for thirty days, "the plaintiff's time within which to file a bill of exceptions." On July 2, 1912, a document called "a correct stenographic report of the proceedings at the trial of said cause" was presented to Judge Martin of the Municipal Court, and he indorsed upon the same the following: "It appearing that Judge Robinson, the Judge who tried the above case, is sitting in the criminal branch of the said court in second district thereof, I hereby certify that the foregoing document was presented to me in open court to be signed and placed on file in the above entitled cause, this 2nd day of July, 1912. James C. Martin, Judge of the Municipal Court of Chicago." On July 17, 1912, the document so indorsed was certified by Judge Robinson to be a correct stenographic report of the proceedings at the trial. Immediately above his signature to the certificate are the words "signed nunc pro tunc as of July 2nd, 1912. Dated this 17th day of July, 1912." Beneath his signature appears the clerk's file mark of July 17, 1912. The question raised by the motion to strike is whether a stenographic report which is thus

authenticated meets the requirements of the sixth paragraph of section 23 of the Municipal Court Act. (J. & A. ¶ 3335).

If the document in question had been presented on July 2, 1912, to Judge Robinson and he had then marked thereon the fact and date of such presentation, then, under the authority of *Hill Co. v. U. S. Guaranty Co.*, 250 Ill. 242, and the cases therein cited, Judge Robinson would have had the right, within a reasonable time thereafter, to sign the document and place it on file *nunc pro tunc* as of the date of such presentation. But it was not presented to Judge Robinson within the time limited, and the only reason given for not presenting it to him for his signature is the statement of Judge Martin above quoted. The sixth paragraph of section 23 of the Municipal Court Act makes it "the duty of the judge by whom such final order or judgment was entered" to sign and place on file either a correct statement of the facts, or a correct stenographic report of the proceedings, *upon application* made within thirty days after the judgment is entered or within such further time as may be allowed by the court upon application therefor within said thirty days. The language of this provision of the statute clearly implies that the "application" to have such a document signed and placed on file shall be made to the judge whose duty it is, under the statute, to grant such an application; that is, to the judge "by whom the judgment is entered." The reason for this is apparent. Such an application must necessarily be made to the judge, who, from his personal knowledge of the facts, will be able to certify to the correctness of the document submitted. No judge other than the judge who heard the case and entered the judgment is in a position to so certify. By expressly imposing the duty to act upon a particular judge, the statute impliedly takes from all other judges of the court the power to act.

To meet a somewhat similar situation that occasion-

ally arises in the Circuit Courts, section 81 of the Practice Act (J. & A. ¶ 8618) was adopted in 1907. It is possible that under some circumstances, that section would apply to proceedings in the Municipal Court. (See section 19 of the Municipal Court Act, J. & A. ¶ 3331.) That section of the Practice Act cannot be made to apply in this case, however, for the reason that it appears from the document filed in this case that at the time of its presentation, Judge Robinson, the judge by whom the case was tried, was neither dead, sick nor otherwise disabled, but was then presiding in another branch of the same court. No reason appears why the stenographic report could not have been presented to him, other than the suggested inconvenience of going from the first to the second district in the city of Chicago. That fact does not present any such disability as is contemplated by section 81 of the Practice Act. It would appear from the argument of appellant's counsel that he relied on certain rules of the Municipal Court. These rules are not in the record, and under a recent decision of the Supreme Court, we cannot take judicial notice of them. *Sixby v. Chicago City Ry. Co.,* 260 Ill. 478.

We conclude, therefore, that the stenographic report was not properly authenticated in accordance with the Municipal Court Act, and the motion to strike it from the record will be allowed; and no error being shown to exist in the remainder of the record, the judgment must be affirmed.

*Affirmed.*