## Louis A. Mangold and William F. Coughenor, trading as Louis A. Mangold & Co., Plaintiffs in Error, v. H. E. King, Defendant in Error.

### Gen. No. 18,650.

1. ATTACHMENT, § 246*—*when verdict may be directed for defendant upon the attachment issue.* In attachment proceeding evidence that defendant withdrew his bank balance and tried to collect other moneys from those who held it subsequent to the dismissal of a prior attachment suit, is not sufficient evidence of itself, to give rise to any legitimate inference of fraud, concealment, etc., and direction of a verdict for defendant *held* proper.

2. MUNICIPAL COURT OF CHICAGO, § 30*—*when refusal of requested instructions not error.* Refusal of requested instructions which so far as they were material and correct were covered by the oral charge of the court, *held* not error.

3. MUNICIPAL COURT OF CHICAGO, § 26*—*when document is sufficient as a statement of facts or stenographic report.* A document purporting to be a correct statement by the judge of "matters pertaining to proceedings at the trial" which "do not otherwise so fully appear of record," including a transcript of all the evidence, the rulings of the court upon the admissibility of evidence the instruc-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

tions of the court, the objections made and a statement of the court's rulings upon these matters and upon the motion for a new trial and in entering judgment, *held* sufficient compliance with Municipal Court Act, § 23, J. & A. ¶ 3336, requiring a statement of facts or a stenographic report.

4. MUNICIPAL COURT OF CHICAGO, § 26*—*when certificate of trial judge to statement of facts conclusive.* A judge's certificate to a document purporting to be a statement of facts showing on its face that it was presented to the judge who tried the case for signing and filing at the proper time, and that it was in fact signed by him as of the date it was presented, cannot be contradicted by another certificate made by another judge that it was presented to him for signing and filing on the same day.

5. MUNICIPAL COURT OF CHICAGO, § 26*—*when presumed that certificate of statement of facts was signed in apt time.* Where nothing affirmatively appears to the contrary it will be presumed that the trial court signed the certificate to the statement of facts in apt time.

Error to the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed December 4, 1913. Rehearing denied December 16, 1913.

LEWIS EDWARD DICKINSON, for plaintiffs in error.

ALDEN, LATHAM & YOUNG, for defendant in error; CHARLES MARTIN, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

This writ of error is brought to review the proceedings and judgment of the Municipal Court in a fourth class case, wherein the plaintiffs, Louis A. Mangold & Co., sued the defendant, H. E. King, in attachment, to recover commissions alleged to have been earned by the plaintiffs in and about the sale of the leasehold and fixtures of a hotel in Chicago owned by defendant. The case was tried before a jury. At the close of the plaintiffs' evidence, the court peremptorily instructed the jury to find for the defendant on the attachment issue, which was done. After defendant had then put in his evidence, a verdict was returned in his favor on the *assumpsit* issue.

A motion was heretofore made to strike the statement of facts, or stenographic report, from the record, and this motion was reserved to the hearing. The record shows that the judgment was entered on May 18, 1912. On June 13, 1912, an order was entered extending the time in which to file a statement of facts to July 17, 1912. On July 17, 1912, there was filed in the office of the clerk of the Municipal Court a document called (by the clerk) a "statement of facts." This document begins with a statement that "By authority of the statutes　*　*　*　I, Jacob H. Hopkins, one of the judges of said court," by whom the case was tried, "do cause to be prepared, signed by me and filed herein, at the instance of plaintiffs, a statement pursuant to such statutes, containing and setting forth, to-wit: the matters and things in the manner and form following, pertaining to proceedings at the trial thereof, and such other proceedings in the case as plaintiffs have desired to be included." Then follows a brief recital of the contents of the affidavit for attachment, the attachment bond, the answer of the garnishee and the affidavit of merits. Following these recitals is what seems to be a stenographic report of the evidence heard at the trial, with the objections made to the evidence as it was introduced, and a digest of the contents of the exhibits offered in evidence; all of which concludes with the statement that "the above and foregoing was and is all of the evidence, offered, introduced and considered upon the trial of said cause." Then follow the instructions given by the court, a statement that each of said instructions was objected to by plaintiffs' counsel and that he requested other instructions to be given, which are set out at length, and that the court refused to give the instructions so requested. Then follows a statement that the jury returned a verdict for the defendant on April 22, 1912; that the plaintiffs entered a motion for a new trial; that said motion was heard and denied on May 18, 1912; and that judgment for costs

was thereupon entered against the plaintiffs. Then follows a copy of the writ of error from this court, after which is the following conclusion:

"Whereupon plaintiffs upon to wit, July 17th, A. D. 1912, tendered in open court the above and foregoing statement, which was examined by the court and approved as hereinafter set forth.

Forasmuch as the matters and things hereinabove recited and contained do not otherwise so fully appear of record, the above and foregoing correct statement is signed and ordered filed pursuant to the statutes of said state in such cases made and provided, this 9/21/12 as of July 17th A. D. 1912.

JACOB H. HOPKINS, (SEAL.)

Judge of the Municipal Court of said City of Chicago.

Presented for signing and filing, July 17th, A. D. 1912.

FREEMAN K. BLAKE,

Judge of the Municipal Court of said City of Chicago and Acting Chief Justice."

On the next page of the document appears an affidavit by the plaintiffs' attorney, subscribed and sworn to July 16, 1912, to the effect that he made diligent inquiry as to the whereabouts of Judge Hopkins, and was informed and believes that said judge left Chicago on his vacation June 24, 1912, to go to Portland, Oregon, and has not been heard from since; that the affiant is unable to present "said statement of facts, etc.," to Judge Hopkins because of the absence of said judge from the State of Illinois and, therefore, presents the same to acting Chief Justice Blake. A notice of such application accompanies the affidavit. At the bottom of this additional page, Judge Blake certified that "the above and foregoing statement, affidavit and notice were duly presented in open court for signing and filing this July 17, A. D. 1912."

It is urged that the document above described is neither "a correct statement of the facts appearing upon the trial and of all questions of law involved in such case, and the decisions of the court upon such

questions of law," nor "a correct stenographic report
of the proceedings at the trial," within the meaning
of the sixth paragraph of section 23 of the Municipal
Court Act. (J. & A. ¶ 3336.) There is much force
in the contention. But we do not think the document
should be stricken from the record merely because it
cannot be technically classified. Taking all its state-
ments together, it purports to be a correct statement
by the judge of "matters pertaining to proceedings
at the trial" which "do not otherwise so fully appear
of record," including a transcript of all the evidence,
the rulings of the court upon the admissability of evi-
dence, the instructions of the court, the other instruc-
tions requested, the objections made and a statement
of the court's rulings upon these matters and upon the
motion for a new trial and in entering judgment. Sec-
tion 23 of the Municipal Court Act (J. & A. ¶ 3336),
permits the party who prepares either a statement
of facts or a stenographic report for the judge's sig-
nature, to omit therefrom, with the approval of the
judge, all such proceedings, "other than the evidence
and rulings of the court with respect thereto and the
charge of the court, as the judge may deem unneces-
sary for the presentation to the Supreme Court or the
Appellate Court of the merits of the case." The doc-
ument here presented contains "the evidence and rul-
ings of the court with respect thereto, and the charge
of the court;" and we must therefore presume that
if anything was omitted, it was omitted with the ap-
proval of the trial judge and because he deemed the
omissions, if any, were "unnecessary for the pre-
sentation" to this court "of the merits of the case."
The document is therefore, whatever it may be called,
within the spirit of the statute, even if it is not strictly
within the letter of the law.

It is also urged that the document in question shows
upon its face that it was not presented to Judge Hop-
kins within the time allowed by the court, but that it
was presented to Judge Blake during the temporary

absence of Judge Hopkins from the State of Illinois. In *Jaggle v. Nagle* (No. 18610 of this court, opinion filed November 20, 1913), 183 Ill. App. 237, we held that section 23 of the Municipal Court Act requires the "application" mentioned in that section (to sign and place on file either a correct statement of the facts or a correct stenographic report) to be made to the judge "by whom the judgment was entered," whose duty it is, under that section, to grant such an application. It was also suggested in the opinion filed in that case (but without deciding the point) that if it appeared that the judge by whom the judgment was entered was unable, "by reason of death, sickness or other disability," to sign and place on file such a statement of facts or stenographic report, then possibly section 81 of the Practice Act (J. & A. ¶ 8618), taken in connection with section 19 of the Municipal Court Act (J. & A. ¶ 3331), might be applicable. If it be assumed that by reason of the temporary absence from the State of Judge Hopkins an application might have been made on the theory suggested, to some other judge of the Municipal Court, and that such other judge, if in his opinion he was able to do so, might have had the authority to sign and place on file the statement tendered, that was not done in this case. Judge Blake did not assume to "sign" it, in the sense of certifying to its correctness. He merely marked it "*presented* for signing and filing," etc. It does not appear, by the certificate of Judge Blake or any other judge that Judge Hopkins was, in fact, under any disability at that time. True, the plaintiffs' attorney made an affidavit that he had been unable to find Judge Hopkins and was informed and believed that he had temporarily left the State; but Judge Blake does not certify that such was the case, nor that he acted upon the information contained in the affidavit. Judge Hopkins himself certifies that the document was "tendered" on July 17, "in open court." Judge Hopkins

does not say in his certificate that it was so "tendered" *to him,* nor does Judge Blake say in his certificate, to whom it was "presented." If the certificate of Judge Hopkins stood alone, it would apparently show that the statement of facts was presented to him for signing and filing at the proper time, and was, in fact, signed later by him as of the date it was so presented. If this was the fact, then the additional statement by Judge Blake that it was "presented for signing and filing" on the same day, apparently *to him,* makes no difference whatever. In any event, the certificate of the judge by whom the judgment was entered, who is the only judge authorized by the Municipal Court Act to make such a certificate, cannot be contradicted by another certificate made by a judge who did not try the case nor enter the judgment. *David v. Bradley,* 79 Ill. 316; *Parker v. Village of LaGrange,* 167 Ill. 623. All the cases in this State, so far as we are advised, in which a similar document has been stricken from the record of the Appellate Court because it was not signed and filed within the time limited, are cases in which it affirmatively appeared, or was conceded, that the document was never, in fact, presented to the judge for his signature within the time fixed. Where such fact is not conceded and does not affirmatively appear, it will be presumed, from the fact that the trial judge signed the document, that he would not have signed it unless it had been presented to him in apt time. *Underwood v. Hossack,* 40 Ill. 98; *Village of Hyde Park v. Dunham,* 85 Ill. 569, 571; *Olds v. North Chicago St. R. Co.,* 165 Ill. 472, 474. This presumption cannot, in our opinion, be overcome by the certificate of another judge. The motion to strike will, therefore, be denied.

Upon the merits of the case, the errors assigned may be summarized as follows: (1) the court erred in directing a verdict upon the attachment issue; (2) the verdict is contrary to the evidence; (3) the court

erred in refusing to give the instructions offered by plaintiffs.

The record filed in this court does not contain a copy of the affidavit for attachment. The "statement" certifies that it contains "the usual attachment allegations." Waiving any question as to this method of presenting an alleged error, we find no evidence in the record fairly tending to prove any ground for attachment. It is true that there is some evidence to the effect that the defendant withdrew his bank balance of about fifty dollars and tried to collect other money from those who held it subsequent to the dismissal of a prior attachment suit; but such evidence of itself, does not give rise to any legitimate inference of fraud, or concealment, or an attempt to hinder, delay or defraud creditors. (We infer from the argument of counsel that these grounds are intended by the terms "usual attachment allegations".) The court properly directed a verdict upon the attachment issue.

There was a sharp conflict in the evidence between the plaintiffs' witnesses and those of the defendant as to whether the price at which the property was sold was fixed at a gross sum, including commissions, or was fixed at a net price, without commissions. Upon that issue of fact, we think the jury were fully and fairly instructed, and we cannot say from the record before us that the verdict was manifestly contrary to the preponderance of the evidence. As to the instructions offered and refused by the court, we find, upon examination, that so far as they were pertinent, material or correct, they were covered by the oral charge of the court.

Finding no substantial error in the record, the judgment of the Municipal Court will be affirmed.

*Affirmed.*